# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MAXIMILIAN MONCLOVA-CHAVEZ,

Plaintiff,

v.

ERIC MCEACHERN, et al.,

Defendants.

_____/

CASE NO. 1:08-cv-00076-AWI-YNP PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

(Doc. 28)

OBJECTIONS DUE WITHIN 30 DAYS

Plaintiff Maximilian Monclova-Chavez ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. Before the Court is Plaintiff's motion for injunctive relief filed on September 28, 2009. Plaintiff alleges that since he filed suit against officials from the Bureau of Prisons he has been harassed by correctional officers and his life has been placed in danger.

Plaintiff is seeking preliminary injunctive relief. The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council,

1

Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff has not provided any evidence with his motion that demonstrates that he is likely to succeed on the merits of this lawsuit. Nor has Plaintiff demonstrated that the balance of equities tips in his favor and that an injunction is in the public interest. Further, Plaintiff has not adequately demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff vaguely alleges harassment that he has suffered in the past without describing what sort of harassment he has suffered, or how his life was placed in danger. More importantly, Plaintiff has failed to identify with any degree of specificity, any future risk of irreparable harm, or how preliminary relief from the Court is likely to prevent that harm from occurring. Plaintiff does not identify what relief he seeks from the Court and only vaguely requests that the Court "stop all illegal actions against [Plaintiff]. . . ." In order to succeed on his motion for preliminary injunctive relief, Plaintiff must specifically identify the relief that he seeks from the Court and demonstrate how it will prevent Plaintiff from suffering irreparable harm.

The Court also notes that Plaintiff has not presented a certificate of service indicating that Plaintiff served a copy of his motion on Defendants as required by Federal Rule of Civil Procedure 5(d). Under Federal Rule of Civil Procedure 65(a), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Plaintiff is advised that all communications by Plaintiff with

1   the Court must be also served on Defendants' counsel, by mailing a true copy of the document to

2   Defendants' counsel.  See Local Rule 5-135(d); Federal Rule of Civil Procedure 5(b).  Any pleading

3   that must be served on an adverse party must be filed with a certificate of service submitted under

4   penalty of perjury that indicates, the date, manner and place of service.  See Local Rule 5-135(c);

5   Federal Rule of Civil Procedure 5(d).

6        The Court finds that Plaintiff has failed to demonstrate a significant threat of irreparable

7   injury , a likelihood of success on the merits, that the balance of hardships tips in his favor, or that

8   preliminary relief would be in the public interest.  The Court also finds that Plaintiff has failed to

9   submit his motion for preliminary injunctive relief with the required certificate of service

10  demonstrating that Defendants have been served with a copy of his motion.  Based on the foregoing,

11  it is  HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief be

12  DENIED.

13       These Findings and Recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days

15  after being served with these Findings and Recommendations, any party may file written objections

16  with the Court and serve a copy on all parties.  Such a document should be captioned "Objections

17  to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

18  and filed within ten days after service of the objections.  The parties are advised that failure to file

19  objections within the specified time may waive the right to appeal the District Court's order.

20  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22  IT IS SO ORDERED.

23  **Dated:    November 17, 2009                   /s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28