# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN MONCLOVA-CHAVEZ, | CASE NO. 1:08-cv-00076-AWI-SKO |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 51, 52) |
| ERIC MCEACHERN, et al., | |
| Defendants. | |

Plaintiff Maximilian Monclova-Chavez ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff is suing Defendants Eric McEachern, Timothy Miller, Kenneth White, and C.O. Tincher for the use of excessive force in violation of Plaintiff's rights under the Eighth Amendment.

Before the Court are two motions from Defendants Kenneth White and Timothy Miller. White and Miller request that the United States be substituted for both defendants pursuant to 28 U.S.C. § 2679(d)(3). Section 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).  The United States has not been substituted as the party defendant in this action.

White and Miller presume that the Attorney General has refused to certify that they were acting within the scope of their employment during the incidents from which Plaintiff's claims arose.  Thus, White and Miller request relief under Section 2679(d)(3), which provides for judicial review of the Attorney General's refusal to certify that the incidents in question occurred when White and Miller were acting within the scope of their employment.

White and Miller's motion is flawed.  The substitution and certification provisions of Section 2679(d) apply to tort claims brought against federal officials under the Federal Tort Claims Act.  The only claims brought by Plaintiff are claims for constitutional violations under <u>Bivens</u>.  The substitution provisions of Section 2679(d) do not apply to claims brought against a federal employee for violations of the Constitution.  <u>See</u> 28 U.S.C. § 2679(b)(2) and (d)(4).  Since the Federal Tort Claims Act does not apply to claims brought under <u>Bivens</u>, the Court cannot substitute the United States as the party defendant for Defendants White and Miller.

Accordingly, it is HEREBY ORDERED that Defendants' motions, filed on April 21, 2010, are DENIED.

IT IS SO ORDERED.

**Dated:   August 27, 2010**                    /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE