# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN MONCLOVA-CHAVEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC McEACHERN, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:08-cv-00076-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(Doc. 62)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Maximilian Monclova-Chavez ("Plaintiff") is a federal prisoner in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for civil rights violations committed by federal actors. Plaintiff claims Defendants Eric McEachern, Timothy, Miller, Kenneth White, and C.O. Tincher violated the Eighth Amendment by using excessive force against Plaintiff. On August 30, 2010, Defendant C.O. Tincher filed a motion for summary judgement. (Doc. #62.) Plaintiff filed an opposition on September 17, 2010. (Doc. #63.) Defendant Tincher filed a reply on September 27, 2010. (Doc. #65.)

**I.   Background**

    **A.   Plaintiff's Claims Against C.O. Tincher**

This action proceeds on Plaintiff's January 15, 2008 complaint. (Doc. #1.) Plaintiff's claim against Defendant Tincher is described in "Claim Three" of his complaint. Plaintiff claims that "Tincher, gratuitously and deliberately, with the intent of hurting Plaintiff, slammed a heavy steel door from behind Plaintiff hitting him with full force in the hands, right shoulder and right arm

1

causing Plaintiff to suffer severe pain." (Compl. 7, ECF No. 1.[1]) Plaintiff alleges that "[t]he door hit Plaintiff so hard that it forced Plaintiff to be slammed forward with such force as to fall on the concrete floor on his face but was grabbed by the escorting officer who stopped Plaintiff from hitting the floor on his face and head." (Compl. 8, ECF No. 1.) Plaintiff claims to have suffered painful bruises on his right shoulder, right arm, and hands, weakness and numbness in the right arm and shoulder, and emotional distress because of Tincher's actions.

Defendant Tincher argues that there is no genuine issue of material fact because Tincher did not use excessive force against Plaintiff. Tincher argues that any use of force was merely <u>de minimis</u> and is not actionable under <u>Bivens</u>. Tincher also argues that Plaintiff's claim fails because there is no evidence that Tincher acted with a subjective intent to do harm. Tincher also argues that Plaintiff's claim for compensatory damages is barred by the Prison Litigation Reform Act ("PLRA") because Plaintiff only suffered <u>de minimis</u> physical injury. Finally, Tincher argues that he is entitled to qualified immunity.

## II. Summary Judgment Legal Standards

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Id.</u> at 322. "A moving party without the ultimate burden of persuasion at trial-usually, but not always, a defendant-has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." <u>Nissan Fire</u>

---

[1] Citations to Plaintiff's complaint refer to the page number as the complaint is electronically docketed. The page numbers used by Plaintiff do not align with the electronic page numbers.

2

& Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Federal Rule of Civil Procedure 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Federal Rule of Civil Procedure 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out

of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### III. Discussion

Defendant Tincher argues that he is entitled to judgment on four separate grounds. First, Tincher contends that he is entitled to judgment because his actions were at most a de minimis use of force and are, therefore, not actionable under Bivens. Second, Tincher contends that Plaintiff has no evidence that Tincher had a subjective intent to harm Plaintiff and therefore has no claim under Bivens. Third, Tincher contends that Plaintiff's claim for compensatory damages is barred by the PLRA. Fourth, Tincher contends that he is entitled to qualified immunity.

#### A. Eighth Amendment Legal Standards

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate

health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

**B.  Plaintiff Alleged More Than a De Minimis Use of Force**

Tincher argues that Plaintiff's claim is barred because Plaintiff has only alleged a de minimis use of force. "The Eighth Amendment's prohibition of 'cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force." Hudson, 503 U.S. at 9-10. Accordingly, Tincher has not committed a constitutional violation if his use of force was de minimis.

Tincher argues that his use of force was at most de minimis because Plaintiff "did not suffer any more than de minimis injury." (Def. Patrick Tincher's Notice of Mot. and Mot. for Summ. J.

///

///

5

15:6-8, ECF No. 62.²)  However, the relevant inquiry is not whether Plaintiff's <u>injuries</u> are <u>de minimis</u>, but whether the <u>use of force</u> was <u>de minimis</u>.  See <u>Wilkins v. Gaddy</u>, 130 S. Ct. 1175, 1178 (2010) ("Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts.").  The degree of Plaintiff's injuries only serves as evidence of the degree of force used, it does not conclusively resolve the question of whether the degree of force was <u>de minimis</u>.  See <u>Wilkins</u>, 130 S. Ct. at 1178 ("The extent of injury may . . . provide some indication of the amount of force applied.").  In other words, Defendant cannot escape liability for the use of force simply because Plaintiff was particularly resilient and failed to suffer any treatable injury.  See <u>Wilkins</u>, 130 S. Ct. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."); <u>Hudson</u>, 503 U.S. at 9 ("In the excessive force context, society's expectations are different.  When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.  This is true whether or not significant injury is evident.") (internal citations omitted).

Tincher has submitted evidence that his use of force was, at most, <u>de minimis</u>.  The Court must then turn to Plaintiff's evidence to determine whether Plaintiff can establish a genuine issue of material fact regarding the degree of force used by Tincher.  Plaintiff has consistently alleged that Tincher violently slammed a gate into Plaintiff.  Plaintiff testified to the same facts during his deposition, the transcript of which is attached as evidence to Plaintiff's opposition.  Plaintiff was taken to the medical clinic after the incident.

Tincher argues that Plaintiff's evidence should be disregarded under the "sham affidavits" rule.  See <u>Block v. City of Los Angeles</u>, 253 F.3d 410, 419 n.2 (9th Cir. 2001).  Tincher contends that Plaintiff cannot create a genuine issue of material fact to survive summary judgment because Plaintiff's deposition statements contradict the facts alleged in Plaintiff's complaint.  Tincher contends that Plaintiff's deposition statements contradict the allegations in his complaint because he testified that Tincher yelled at him or shoved him but did not include any allegations of yelling

---

²Citations to Defendant's motion for summary judgment refer to the page numbers as the motion is electronically docketed.  The page numbers used by Defendant do not align with the electronic page numbers.

or shoving in his complaint.

Plaintiff's deposition testimony does not contradict his allegations. The alleged yelling and shoving testimony is not directly related to Plaintiff's claims because Plaintiff's claim against Tincher consists of the alleged slamming of a heavy door that hit Plaintiff. Thus, it is conceivable that Plaintiff would not have alleged facts regarding yelling and shoving in his complaint. Further, the omission of a fact is not the same as the contradiction of a fact. Thus, the "sham affidavits" rule is inapplicable in this context.

Plaintiff's testimony is based on his personal knowledge and is not contradicted by any allegations he made in his complaint. Accordingly, the Court finds that Plaintiff's evidence of Tincher's use of force is sufficient to establish a genuine issue of disputed fact with respect to whether the degree of force was more than de minimis.

### C. Plaintiff Has Sufficient Evidence of Tincher's Subjective Intent

Defendant Tincher alternatively argues that summary judgment would be appropriate because Plaintiff has no "colorable evidence" that Tincher acted with a subjective intent to harm Plaintiff. The Court disagrees. As discussed above, Plaintiff disputes Tincher's version of the facts with his own testimony based on his personal knowledge of the incident in question. Plaintiff claims that Tincher gratuitously slammed a heavy steel door into Plaintiff. The subjective intent to cause harm is implied by Tincher's actions. Plaintiff's testimony is "colorable evidence."

Accordingly, Plaintiff's testimony is sufficient to establish a genuine issue of material fact with regard to whether Tincher acted with a subjective intent to harm Plaintiff.

### D. Plaintiff's Claim for Compensatory Damages Is Not Barred by the PLRA

Defendant Tincher argues that Plaintiff's claim is barred by the PLRA. Section 1997e(e) of the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Section 1997e(e) prohibits the recovery of compensatory damages for mental or emotional injuries unless the prisoner has suffered a physical injury that is more than de minimis. Oliver v. Keller, 289 F.3d 623, 626-28 (9th Cir. 2002). In Oliver, the Court reasoned that a prisoner's back and leg pain from sitting and sleeping on the bench

and floor of a temporary cell was merely de minimis injury. In Pierce v. County of Orange, 526 F.3d 1190, 1224 (9th Cir. 2008), the Ninth Circuit determined that bed sores and bladder infections were more than de minimis.

Defendant Tincher argues that Plaintiff's injuries were de minimis because Plaintiff was examined by medical staff and there was no indication of any injury and Plaintiff did not request any treatment.

Plaintiff correctly points out that Section 1997e(e) does not bar claims for nominal or punitive damages. Accordingly, Tincher's contention that he is entitled to judgment as a matter of law under Section 1997e(e) is not accurate. At most, Section 1997e(e) would operate to bar Plaintiff's claims for compensatory damages based on his emotional injuries.

Plaintiff also correctly points out that the absence of an observable medical condition requiring treatment by a medical professional does not necessarily render Plaintiff's injuries de minimis. In Oliver, the Ninth Circuit stated:

> Appellees . . . argue that de minimis "physical injury under § 1997e(e) should be understood as "an observable or diagnosable medical condition requiring treatment by a medical care professional," which would cause a "'free world person' to seek such treatment." If appellant's proposed standard requires too little, appellee's proposed standard requires too much.

Oliver, 289 F.3d at 628 (quoting Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997)) (internal citations omitted).

Plaintiff has alleged that he had significant bruises, weakness and numbness in his shoulder, and that his injuries from an earlier beating were exacerbated by Tincher's actions. Plaintiff's injuries are more akin to the injuries discussed in Pierce than the injuries that were "nothing too serious" in Oliver. Oliver, 289 F.3d at 629 ("on deposition [the plaintiff] testified that '[his injury] was nothing too serious' and that he did not seek medical treatment."). Even if Plaintiff did not suffer any diagnosable injury that necessitated medical treatment, Plaintiff's alleged injuries are more than de minimis. Thus, Plaintiff's claim for compensatory damages for his emotional injuries is not barred by the PLRA.

///

### E. Defendant Tincher Is Not Entitled to Qualified Immunity

Tincher argues that he is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "The protection of qualified immunity applies regardless of whether the government official's error 'is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Id. (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)). Questions regarding qualified immunity should be resolved at the earliest possible stage in litigation because qualified immunity serves as an immunity from suit rather than a mere defense to liability. Id.

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court mandated a two-step sequence for resolving claims of qualified immunity. First, a court must decide whether the facts alleged by a plaintiff set forth a violation of a constitutional right. Saucier, 533 U.S. at 201. Second, if the plaintiff has satisfied the first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Id. If the defendant did not violate a clearly established constitutional right, the defendant is entitled to qualified immunity from plaintiff's claims. Pearson, 129 S. Ct. at 816 (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)). However, the Supreme Court has since held that the Saucier sequence is not mandatory in all cases and courts may resolve the "clearly established" question first when the Saucier sequence would result in a "substantial expenditure of scarce judicial resources on difficult questions that have no effect on the outcome of the case." Id. at 818.

Defendants argue that they are entitled to qualified immunity based on their version of the facts. As discussed earlier, Plaintiff has established a genuine dispute over these facts. When analyzing Defendants' claim to qualified immunity, the Court must view the facts in the light most favorable to Plaintiff. Saucier, 533 U.S. at 201. When viewing the facts in the light most favorable to Plaintiff, Defendant Tincher gratuitously slammed a heavy steel door into Plaintiff, causing significant pain, bruising, numbness, and aggravation of Plaintiff's pre-existing injuries. There is

no suggestion that Tincher's actions were in furtherance of any legitimate penological interest. Accordingly, Tincher's actions, as alleged by Plaintiff, were violations of Plaintiff's Eighth Amendment rights and Plaintiff's rights were clearly established by Whitley v. Albers, 475 U.S. 312 (1986) (unnecessary and wanton infliction of pain against prisoner violates Eighth Amendment) and Hudson v. McMillian, 503 U.S. 1 (1992) (use of excessive force against prisoner violates Eighth Amendment even when plaintiff suffers no significant injury). Defendants are not entitled to qualified immunity.

## IV. Conclusion and Recommendation

The Court finds that Plaintiff has sufficient evidence to establish a genuine issue of material fact with respect to his Eighth Amendment claims against Defendant Tincher. Plaintiff has presented sufficient evidence to establish a genuine dispute over whether Tincher used unnecessary and malicious force by slamming a heavy steel door into Plaintiff. The Court further finds that Plaintiff's alleged injuries were more than de minimis and Plaintiff's claim for compensatory damages for his emotional injuries is not barred by the PLRA. Finally, the Court finds that Defendant Tincher is not entitled to qualified immunity.

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Tincher's motion for summary judgment be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 4, 2011**                /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE