# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN MONCLOVA-CHAVEZ, | CASE NO. 1:08-cv-00076-AWI-SKO |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED |
| v. | |
| ERIC MCEACHERN, et al., | (Doc. 58) |
| Defendants. | |
| / | OBJECTIONS DUE WITHIN 21 DAYS |

Plaintiff Maximilian Monclova-Chavez ("Plaintiff") is a federal prisoner in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for civil rights violations committed by federal actors. On August 28, 2010, Plaintiff filed a motion requesting default judgment against Defendant Eric McEachern. (Docs. #58-59.) For the reasons set forth below, the Court will recommend that Plaintiff's motion be denied.

On August 24, 2009, a summons was returned unexecuted as to Defendant Eric McEachern. (Doc. #27.) Defendant McEachern has not filed an answer to Plaintiff's complaint and has not otherwise defended against the claims raised in this action. Plaintiff requested entry of default on August 23, 2010. (Doc. #55.) The Court entered default against Defendant McEachern on December 8, 2010. (Docs. #71-72.) The Court will now address Plaintiff's request for judgment against Defendant McEachern.

Federal Rule of Civil Procedure 55(b) governs the entry of default judgment. Under Rule 55(b), a Plaintiff must apply to the Court for a default judgment for any claim that is not for a sum

certain or is not for a sum that can be made certain by computation. "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When evaluating whether default judgment is proper, the "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." Id. at 1472.

While Defendant McEachern is in default by failing to participate in this litigation, the Court's power to enter judgment against McEachern is limited by Rule 54. Under Rule 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Federal Rule of Civil Procedure 54(b). "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Investment, Inc., 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow v. De La Vega, 15 Wall. 552, 554 (1872)). "[I]f an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." Id. (citing Frow, 15 Wall. at 554). The Ninth Circuit has extended the applicability of this rule and held that default judgments should not be entered against a defaulting defendant if there are non-defaulting defendants "who are similarly situated, even if not jointly and severally liable." Id.

In this case, Plaintiff alleges that Defendants McEachern, Timothy Miller, and Kenneth White gratuitously attacked Plaintiff on April 7, 2007, while Plaintiff was in restraints. Plaintiff alleges that the three defendants collectively conspired to attack Plaintiff in a holding room with no video cameras. Defendants Miller and White have filed answers and defended the claims raised in this action. Defendant McEachern is similarly situated, if not jointly liable, with Defendants Miller and White. It would be incongruous and unfair to permit Plaintiff to prevail against Defendant

McEachern when Plaintiff may not prevail as to Defendants Miller and White. Plaintiff's brief in support of his motion for default judgment fails to address whether default judgment would be appropriate in light of the possibility of inconsistent judgments.

Accordingly, the Court will deny the request for default judgment without prejudice. Plaintiff may reapply for default judgment after the merits of his claims are decided against Defendants Miller or White, or if Plaintiff can demonstrate that default judgment is proper despite the reasoning in Eitel, Frow, and In re First T.D. & Investment, Inc.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion requesting default judgment be DENIED, without prejudice.

Further, the Clerk's Office is HEREBY ORDERED to serve a copy of these Findings and Recommendations on Defendant Eric McEachern at the address listed in the executed summons received by the Court on August 24, 2009.[1]

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 15, 2011**           /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The executed summons indicates that the U.S. Marshal served Defendant McEachern at 1186 W. Shaw in Fresno, CA.