# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN MONCLOVA-CHAVEZ, | CASE NO. 1:08-cv-00076-AWI-SKO PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | ORDER DENYING MOTION FOR SUMMARY JUDGMENT |
| ERIC MCEACHERN, et al., | |
| Defendants. | (Doc. 75) |

Plaintiff Maximilian Monclova-Chavez ("Plaintiff") is a federal prisoner bringing this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for civil rights violations committed by federal actors. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 5, 2011, the Magistrate Judge issued a Findings and Recommendations which recommended that Defendant Tincher's motion for summary judgment be denied. (Doc. #75.) The Findings and Recommendations were served on all parties and contained notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days of the date on which the Findings and Recommendations were served. Defendant Tincher filed objections to the Findings and Recommendations on February 4, 2011. (Doc. #76.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

1

In his complaint, Plaintiff alleged that Defendant Tincher gratuitously slammed a heavy steel door into Plaintiff from behind, causing injuries to his hands, shoulder, and arm. Plaintiff alleged that he was in severe pain. Plaintiff further alleged that the door hit him with so much force that Plaintiff fell forward. One of the escorting officers grabbed Plaintiff, preventing him from hitting the floor.

Defendant Tincher argues that he is entitled to summary judgment because Plaintiff failed to provide evidence of Tincher's subjective intent to harm Plaintiff. The Court disagrees. Plaintiff's "colorable evidence" regarding the degree of force used is sufficient for a reasonable fact finder to conclude that Tincher possessed a subjective intent to harm Plaintiff. It is not unreasonable to infer that a person is acting with malicious intent when he allegedly gratuitously slams a heavy steel door into another person with such great force that it causes the victim to fall forward and suffer severe pain.

Accordingly, the Court HEREBY ORDERS that:

1. The January 5, 2011 Findings and Recommendations are ADOPTED in full; and
2. Defendant Tincher's August 30, 2010 motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:   March 16, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE