# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN MONCLOVA-CHAVEZ, | CASE NO. 1:08-cv-00076-AWI-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT |
| v. | (ECF Nos. 74, 93) |
| ERIC McEACHERN, et al., | ORDER GRANTING DEFENDANTS' MOTION TO FILE AN AMENDED ANSWER |
| Defendants. | (ECF Nos. 89, 92) |
| | ORDER DENYING DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER |
| | (ECF Nos. 90, 92) |

## I. Procedural History

Plaintiff Maximilian Monclova-Chavez ("Plaintiff") is a federal prisoner in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on the complaint, filed January 15, 2008, against Defendants Miller, White, and Tincher for violations of the Eighth Amendment.[1]  (ECF No. 1.)  On April 24, 2009, Defendants Miller and White, appearing pro per, filed an answer to the complaint. (ECF Nos. 19, 20.)  A discovery and scheduling order issued on April 30, 2009. (ECF No. 21.) On March 31, 2010, a pro

---

[1] On December 8, 2010, default was entered against Defendant McEachern. (ECF Nos. 71, 72.)

1

1  hac vice application was filed on behalf of Plaintiff, and an order granting the application was issued
2  on April 6, 2010. (ECF Nos. 46, 48.) On September 27, 2010, Defendants Miller and White filed
3  a motion for an extension of discovery because they had requested reconsideration of the denial of
4  representation and were waiting notification of legal representation by the Federal Government
5  Regional Counsel. (ECF Nos. 66, 68.) The motions were denied on October 1, 2010. (ECF No. 70.)

  Plaintiff filed a motion to compel on December 16, 2010. (ECF No. 74.) On March 21,
7  2011, Defendants Miller and White filed a substitution of attorney, which was granted on March 23,
8  2011. (ECF Nos. 80, 81, 83, 84.) Defendants filed a motion for leave to amend their answer on May
9  4, 2011, and a motion to reopen discovery on May 11, 2011. (ECF Nos. 89, 90.) Plaintiff filed
10 oppositions to Defendants' motions on May 24, 2011. (ECF Nos. 91, 92.) Defendants filed a
11 statement of non-opposition to Plaintiff's motion to compel on May 26, 2011. (ECF No. 93.)

## II. Motion to Compel

Plaintiff filed a motion to compel Defendants Miller and White to respond to discovery requests. On May 26, 2011, Defendants filed a statement of non-opposition to Plaintiff's motion stating that they will submit supplemental responses to Plaintiff's discovery requests.

Defendants Miller and White are in the process of preparing supplemental responses to Plaintiff's discovery requests. Were the Court to reach Plaintiff's motion on the merits and find in his favor, the Court would order Defendants Miller and White to serve supplemental responses. In light of the fact that Defendants Miller and White are currently undertaking that very process, Plaintiff's motion to compel is moot and there is no justification for an expenditure of resources to reach the merits.[2]

If they have not already done so, Defendants Miller and White shall serve their supplemental responses on Plaintiff within forty-five days. If Plaintiff is dissatisfied with the supplemental responses, he is not precluded from filing a motion to compel once he receives and reviews the responses.

---

[2] The deadline to file a reply has not expired, but given that the supplemental responses are forthcoming rather than already in Plaintiff's possession, there is no additional information that Plaintiff could provide in the reply that would alter the Court's decision regarding the mootness of Plaintiff's motion.

2

1  **III.    Motion to Amend Scheduling Order**

2         Defendants Miller and White bring a motion to reopen discovery arguing that they did not
3  obtain counsel prior to the discovery cut-off date and good cause exists to grant their motion.  Since
4  Defendants were not represented by counsel they did not engage in much discovery.  This was not
5  due to lack of diligence, but from their inexperience in defending a federal lawsuit.  Defendants had
6  requested legal representation through their employer, but were denied and recently found the
7  financial resources to hire defense counsel.

8         Plaintiff objects to the motion to amend the scheduling order stating it is procedurally unfair
9  to Plaintiff as it does not state the amount of time requested and the parties may be able to work out
10 an agreement to a limited reopening of discovery if they conferred.  Although defense counsel
11 indicated that he would review the outstanding motion to compel with his clients and discuss the
12 matter with Plaintiff's counsel he has failed to do so.[3]  Additionally, Defendants have failed to show
13 due diligence.  This is a simple case and Defendants can obtain Plaintiff's deposition taken by
14 Defendant Tincher's counsel and Plaintiff will supply a copy of his medical records.  Finally, the
15 reopening of discovery will prejudice Plaintiff as it is likely to result in additional motions.

16        Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b),
17 and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975
18 F.2d 604, 609 (9th Cir. 1992).  If the party seeking to amend the scheduling order fails to show due
19 diligence the inquiry should end and the court should not grant the motion to modify.  <u>Zivkovic v.</u>
20 <u>Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

21        Since Defendants have previously requested an extension of discovery while they were
22 seeking representation and just recently obtained counsel, the Court is inclined to modify the
23 scheduling order to allow limited discovery.  Some discovery has occurred, so the Court will order
24 that the parties meet and confer to resolve the issue of what additional discovery Defendants Miller
25 and White are seeking.  After conferring with the other parties to resolve the discovery issues,
26 Defendants may, if necessary, file a motion to reopen discovery identifying the discovery that they

---

[3] Defendants filed a statement of non-opposition to the motion to compel on May 26, 2011.  (ECF No. 92.)

3

are seeking. Accordingly, Defendants motion to reopen discovery will be denied, without prejudice.

## IV. Motion to Amend Answer

Defendants seek leave of the Court to file an amended answer. Defendants have sought Plaintiff's consent to file an amended answer and Plaintiff declined to allow the amendment. Defendants argue that they were not represented by counsel at the time they filed their answer and because they are not legally trained their previous answers omitted responses to Plaintiff's entire complaint and failed to allege all affirmative defenses.

Plaintiff objects to the amendment because there is direct evidence that the answers were drafted by an attorney, even if Defendants were not formally represented. Additionally, Defendants asserted four affirmative defenses in their original answer. Plaintiff argues that granting Defendants' motion will entail a "significant and unjustified delay in these proceedings." (Opp. 4, ECF No. 92.) The majority of the defenses asserted are legally futile, not asserted in good faith and would prejudice Plaintiff, therefore leave to amend should be denied.

An answer should "state in short and plain terms [the party's] defenses to each claim asserted against it ;and admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Under the Federal Rules of Civil Procedure, a party may amend the party's pleading only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Courts may freely grant leave to amend when justice requires "and public policy strongly encourages courts to permit amendments. Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008.) However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff requests that the motion be denied as it will entail additional discovery and the discovery deadline has passed. As indicated the Court is inclined to allow limited additional discovery in this action. While Plaintiff argues that certain of Defendants' affirmative defenses are

futile, Defendants also state that they omitted responses to Plaintiff's entire complaint. Additionally, Plaintiff claims that certain amendments are not made in good faith, however the Court declines to make such a finding.  Since no trial date has been set and the Court has indicated it is inclined to allow additional discovery, Plaintiff will not suffer any prejudice by allowing Defendants to amend their answer.  Defendant's were not represented by counsel at the time that they filed their answers, and the Court finds that it is in the interest of justice to grant Defendants' motion to amend.

**V.    Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on December 16, 2010, is HEREBY DENIED as moot, and Defendants SHALL serve their supplemental responses within forty-five days from the date of service of this order, if they have not done so already;

2. Defendants' motion to amend the scheduling order, filed May 11, 2011, is DENIED, without prejudice;

3. Defendants' motion for leave to file an amended complaint, filed May 4, 2011, is GRANTED; and

4. Defendants' shall file their amended answer within fifteen days from the date of service of this order.

IT IS SO ORDERED.

Dated:   May 27, 2011                         /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE