# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN MONCLOVA-CHAVEZ, | CASE NO. 1:08-cv-00076-AWI-SMS PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO REOPEN DISCOVERY |
| v. | (ECF No. 97, 98, 99) |
| ERIC McEACHERN, et al., | Discovery Cut-Off Date - December 9, 2011 |
| Defendants. | |

Plaintiff Maximilian Monclova-Chavez ("Plaintiff") is a federal prisoner 08in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on the complaint, filed January 15, 2008. This action is proceeding on the complaint, filed January 15, 2008, against Defendants Miller, White, and Tincher for violations of the Eighth Amendment.[1] (ECF No. 1.) On April 24, 2009, Defendants Miller and White, appearing pro per, filed an answer to the complaint. (ECF Nos. 19, 20.) A discovery and scheduling order issued on April 30, 2009. (ECF No. 21.) On March 31, 2010, a pro hac vice application was filed on behalf of Plaintiff, and an order granting the application was issued on April 6, 2010. (ECF Nos. 46, 48.) On September 27, 2010, Defendants Miller and White filed a motion for an extension of discovery because they had requested reconsideration of the denial of representation and were waiting notification of legal representation by the Federal Government Regional Counsel. (ECF

---

[1] On December 8, 2010, default was entered against Defendant McEachern. (ECF Nos. 71, 72.)

1  Nos. 66, 68.) The motions were denied on October 1, 2010. (ECF No. 70.)

2      Plaintiff filed a motion to compel on December 16, 2010. (ECF No. 74.) On March 21,
3  2011, Defendants Miller and White filed a substitution of attorney, which was granted on March 23,
4  2011. (ECF Nos. 80, 81, 83, 84.) On May 11, 2011, Defendants Miller and White filed a motion
5  to reopen discovery. (ECF No. 90. Plaintiff filed an opposition on May 24, 2011. (ECF No. 91.)
6  On May 31, 2011, an order issued granting Defendants motion to file an amended answer and
7  denying, without prejudice, Defendants' motion to amend the schedule order. (ECF No. 94.) In the
8  order the parties were informed that the Court was inclined to modify the scheduling order to allow
9  limited discovery. The parties were ordered to meet and confer to attempt to resolve the discovery
10 issues.

11     On August 18, 2011, Defendants Miller and White filed a motion to reopen discovery. (ECF
12 No. 97.) Plaintiff filed an opposition on September 5, 2011. (ECF No. 98.) The parties have meet
13 and conferred and have been unable to come to an agreement on the discovery issues.

14     Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b),
15 and good cause requires a showing of due diligence, <u>Zivkovic v. Southern California Edison Co.</u>,
16 302 F.3d 1080, 1087-88 (9th Cir. 2002). Additionally, the District Court has wide latitude in
17 controlling discovery. <u>In re State of Arizona</u>, 528 F.3d 652, 655 (9th Cir. 2008); <u>Burlington
18 Northern & Santa Fe Ry. Co. v. U. S. District Court</u>, 408 F.3d 1142, 1147 (9th Cir. 2005). In this
19 instance Defendants Miller and White attempted to obtain representation by the Federal Government
20 Regional Counsel, which was denied, and have previously requested an extension of time to conduct
21 discovery prior to being represented by counsel. The Court finds good cause exists to amend the
22 discovery and scheduling order and reopen discovery.

23     Plaintiff argues that Defendants are attempting to propound interrogatories in excess of the
24 twenty five allowed by statute by dividing interrogatories into subparts. If this be the case, Plaintiff
25 need only respond to the first twenty five interrogatories propounded.

26     Plaintiff also requests that he be granted sixty days to respond to discovery requests.
27 Pursuant to the discovery and scheduling order filed October 15, 2009, the parties are to respond to
28 written requests within forty-five days. If Plaintiff has difficulty in meeting this deadline he may file

a motion for an extension of time. Additionally, the parties are informed that since this action was filed as a prisoner pro se complaint Local Rule 251 does not apply and, pursuant to Local Rule 231(l), all motions will be submitted without a hearing.

Accordingly, it is HEREBY ORDERED that:

1. Defendants Miller and Whites' motion to reopen discovery is GRANTED;
2. The deadline for the completion of all discovery, including filing motions to compel, shall be December 9, 2011; and
3. No further extensions of the discovery cut-off date will be granted without a showing of good cause.

IT IS SO ORDERED.

**Dated:    October 3, 2011**                        /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE