IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILIAN MONCLOVA-CHAVEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIC MCEACHERN; TIMOTHY ) <br> MILLER; KENNETH WHITE; ) <br> and C.O. TINCHER, ) <br> ) <br> Defendants. ) <br> _____) | 1:08-cv-00076-AWI-BAM <br><br> ORDER RE: MOTION TO <br> BIFURCATE AND/OR <br> SEVER ACTION <br><br> (Doc. 113) |

**I. INTRODUCTION**

Defendant Patrick Tincher has filed a motion to (1) bifurcate and/or sever trial from trial of the other defendants and (2) bifurcate trial on the issues of liability, compensatory damages and punitive damages. For reasons discussed below, the motion to bifurcate and/or sever trial from trial of the other defendants shall be granted; the motion to bifurcate trial on the issues of liability, compensatory damages and punitive damages shall be granted in part and denied in part.

**II. FACTS AND PROCEDURAL BACKGROUND**

On January 15, 2008, plaintiff Maximilian Monclova-Chavez ("Monclova-Chavez") filed his civil

rights complaint against defendants Eric McEachern, Timothy Miller, Kenneth White and C.O. Tincher pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Monclova-Chavez alleged as follows:

> "On April 7, 2007, Plaintiff was being housed in the Special Housing Unit (SHU), D-Range, Cell #220, USP Atwater, California. [¶] On April 7, 2007, around 12:45 PM, 5-6 Special Operations Response Team (SORT) members with defendant McEachern, a Physicians Assistant, a person with a video camera, a Ms. Ortiz, and possibly a duty officer came to Cell #220. [¶] Plaintiff was peacefully cuffed from behind and removed from Cell #220 without incident. This complete event was captured on video. [¶] Plaintiff was then placed in full restraints, (handcuffs, waist chain, black box and shackles). This to [sic] was captured on video. [¶] Plaintiff was then taken from SHU by SORT, and other mentioned . . . above, to Receiving and Discharge (R&D) and placed in a holding room. All of this was captured on video. [¶] When Plaintiff entered the R&D holding room he sat down and remained sitting or laying down on the floor the entire time."

Monclova-Chavez further alleged:

> "After approximately 2 hours had elapsed, defendants McEachern, Miller and White opened the door to the holding room and entered the room. [¶] Upon entering the holding room where Plaintiff was laying on the floor, defendant Miller begin kiking [sic] Plaintiff and kiked [sic] him 5-6 times in the stomach, chest, legs and head and then punched plaintiff with his tightly clenched fists several times in the upper body. [¶] Also at this time defendant White was punching Plaintiff with his tightly clenched fists in the upper body and back. [¶] Also at this time defendant McEachern pulled an object (a weapon) from the waist of his pants and struck Plaintiff with the hard steel instrument extremely hard in the head two times."

Monclova-Chavez further alleged:

> "[D]uring the approximately 2 hours that elapsed between removing him from Cell #220 in SHU, placing him in the R&D holding room, and the assault on him, defendants McEachern, Miller, and White, conspired with each other to violate Plaintiff's Constitutional rights, Criminal Civil Rights Statutes, and Federal Law by obtaining a hard steel weapon, going the [sic] R&D holding room where Plaintiff was being held in full restraints where no video camera could see them and take violent illegal retribution against Plaintiff by brutally, maliciously and sadistically attempting to kill Plaintiff by assaulting him with the intent of causing Plaintiff death and severe bodily injury, and thereafter, defendants McEachern, Miller and White, acting in concert with each other, did carry the conspiracy into effect by brutally, maliciously and sadistically attempting to kill Plaintiff by assaulting him while he lay on the floor of the R&D holding room in full restraints . . . ."

Monclova-Chavez further alleged:

> "On April 16, 2007, Plaintiff went to the SHU recreation yard. [¶] To return from the SHU recreation yard Plaintiff had his hands cuffed behind his back. [¶] Plaintiff was walking back to his cell when the SHU Officer in charge, Tincher, gratuitously and deliberately, with the intent of hurting Plaintiff, slammed a heavy steel door from

2

> behind Plaintiff hitting him with full force in the hands, right shoulder and right arm causing Plaintiff to suffer severe pain."

On May 4, 2012, defendant Patrick Tincher ("Tincher," sued as C.O. Tincher) filed a motion to (1) bifurcate and/or sever trial from trial of the other named defendants and (2) bifurcate trial on the issues of liability, compensatory damages and punitive damages, pursuant to Federal Rules of Civil Procedure 21 and 42(b). On May 18, 2012, Monclova-Chavez filed his opposition to Tincher's motion. Tincher filed his reply to Monclova-Chavez's opposition on June 4, 2012.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ P. 42(b). Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002). "[A] district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate.' [Citation.] In other words, one claim must be capable of resolution despite the outcome of the other claim. [Citation.] By contrast, bifurcation under Rule 42(b) is appropriate where claims are factually interlinked, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other. [Citation.]" *Gaffney v. Riverboat Services of Indiana, Inc.,* 451 F.3d 424, 442 (7th Cir. 2006).

3

## IV. DISCUSSION

Tincher first moves to sever this action so as to be tried separately from defendants McEachern, Miller and White, contending severance is warranted under Rule 21 because he was improperly joined as a defendant under Rule 20(a)(2). Rule 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if [¶] (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [¶] (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds insufficient facts to show was Tincher was permissibly joined as a defendant. In the complaint, Plaintiff asserted three claims: (1) a violation of his Eighth Amendment right to be free from cruel and unusual punishment stemming from an April 7, 2007 incident during which he was allegedly assaulted in a holding room by McEachern, Miller and White; (2) a conspiracy by McEachern, Miller and White to violate his civil rights in the April 7, 2007 incident; and (3) an Eighth Amendment violation stemming from an April 16, 2007 incident in which Tincher allegedly slammed a steel door on his hands, shoulder and right arm while he was returning to his cell from the recreation yard. Despite the fact the third claim involved a defendant, time period and misconduct different from the first and second claims, no allegations were provided to suggest the claims pose questions of law or fact common as to all defendants or that April 7 and April 16 incidents arose out of the same transaction or occurrence.

In opposition, Plaintiff now contends the claims arose out of the same transaction or occurrence and pose questions of law or fact common to all defendants, suggesting (1) the April 7 and April 16 attacks were *both* perpetrated in retaliation for an April 7, 2007 incident in which Plaintiff threw feces and urine on Tincher and (2) Tincher may have conspired with McEachern, Miller and White to violate Plaintiff's civil rights and/or participated in a cover up of those violations. In support of these contentions, Plaintiff adduces as evidence trial testimony from case

4

no. 1:08-cr-00138-LJO-1, the criminal proceeding in which McEachern was prosecuted for the April 7, 2007 incident. The Court has reviewed the testimony provided by Plaintiff and finds no support for Plaintiff's contentions. Because Plaintiff has failed to show the requirements of Rule 20(a)(2) are met, the Court exercises its discretion to sever Tincher's trial from trial of the other defendants.

Tincher further moves to bifurcate trial on the issues of liability, compensatory damages and punitive damages, contending each issue should be tried separately to promote judicial economy and avoid prejudice. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds bifurcation is warranted – per its standard procedure – only to the extent the punitive damages issue should be tried separately from the issues of liability and compensatory damages. Tincher, however, has provided no compelling argument or evidence as to why trial on liability should be bifurcated from trial on damages. Thus, trial shall be bifurcated into two phases: the first on liability and compensatory damages, the second on punitive damages.

## V. DISPOSITION

Based on the foregoing, Tincher's motion to bifurcate and/or sever trial from trial of the other defendants is GRANTED. Plaintiff's claims against Tincher are HEREBY severed from those against the other defendants. Tincher's motion to bifurcate trial on issues of liability, compensatory damages and punitive damages is GRANTED in part and DENIED in part. Trial shall be conducted in two phases: one on liability and compensatory damages, another on punitive damages.

IT IS SO ORDERED.

Dated:  June 21, 2012                                      _____
                                                                             CHIEF UNITED STATES DISTRICT JUDGE