1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   MAXIMILIAN MONCLOVA-CHAVEZ,          )   Case No.: 1:08-cv-00076-AWI-BAM
                                          )
12                    Plaintiff,          )   **PRETRIAL ORDER**
                                          )
13         v.                             )   **Motions In Limine Hearing:**
                                          )   **July 22, 2013, 2:00 p.m. Courtroom 2**
14   ERIC McEACHERN, et al.,              )
                                          )
15                    Defendants.         )   **Trial:  July 30, 2013, 8:30 a.m.**
                                          )   **Courtroom 2**
16   _____

17

18         This action proceeds on Plaintiff Maximilian Monclova-Chavez's complaint filed on January

19   15, 2008.  Plaintiff Maximilian Monclova-Chavez is a federal prisoner proceeding in this civil rights

20   action filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

21   U.S. 388, 91 S.Ct. 1999 (1971) for two separate incidents of excessive force in violation of the Eighth

22   Amendment.   The court severed the trial of Defendants Miller, White and McEachern from the trial

23   against Defendant Tincher.  This pretrial order is limited to the trial involving Defendants Miller and

24   White.[1]

25         The legal issues for the instant trial are the following:  (1) whether Defendants Miller and

26   White violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment

27

28   _____
     [1]       Default was entered against Defendant McEachern on December 8, 2010.

                                           1

stemming from an April 7, 2007 incident during which Plaintiff was allegedly assaulted in a holding room by Defendants Miller and White and Eric McEachern; and (2) whether Defendants Miller and White and Eric McEachern conspired to violate Plaintiff's civil rights in the April 7, 20007 incident.

Trial in this action is set for July 30, 2013.   The parties have estimated the trial will take between four and five days.  Counsel were advised that because of scheduling issues, the trial cannot extend beyond the four to five day time estimate.

The parties have submitted a joint pretrial statement.  Having reviewed the statement and the remainder of the file, the court now issues the Pretrial Order.

## I.      Jurisdiction and Venue

The court has subject matter jurisdiction over this federal civil rights action.  28 U.S.C. § 1331. Venue is proper because Defendant White and Miller reside in this judicial district and the conduct allegedly occurred in this judicial district.

## II.     Jury Trial

Plaintiff timely requested trial by jury.  This action shall be tried by a jury of eight.

## III.    Facts

### A.      Undisputed Facts

1. In April and May 2007, Plaintiff, born October 14, 1966, was a prisoner in federal custody at the United States Penitentiary in Atwater, California ("USP-Atwater").

2. All Defendants acted under color of federal law.

3. During that period, Defendants White and Miller and Eric McEachern all held the position of Lieutenant at USP-Atwater.

4. On April 7, 2007, Defendant White was the Operational Lieutenant.  In that position, he was the supervisor in charge of the shift of correctional officers for the period 4:00 p.m.-12:00 midnight.

5. During the period 4:00 p.m.-12:00 midnight on April 7, 2007, Defendants White and Miller and Eric McEachern were the three highest ranking officers on-site at the facility.

2

6. On April 7, 2007, Plaintiff assaulted Correctional Officer Matthew Tincher by throwing human waste on him.

7. On that day, a Saturday, Plaintiff was confined in the Special Management Unit ("SHU") at USP-Atwater awaiting a disciplinary hearing on a charge that he had assaulted Correctional Officer Matthew Tincher.

8. On April 7, 2007, Defendants White and Miller and Eric McEachern met to discuss unusual events occurring during the prior shift as required as part of a shift change. During this meeting, Defendants White and Miller and Eric McEachern discussed Plaintiff's assault on Officer Tincher.

9. On that day, Plaintiff was moved to the R & D Unit at USP-Atwater.  The R & D Unit at USP-Atwater is used to hold prisoners in the receiving or departure process. The Unit is ordinarily occupied by prisoners, and staffed, only Monday through Friday.

10. Plaintiff was confined in a cell in the R & D Unit.  Pursuant to the Warden's order, correctional staff placed Plaintiff in handcuffs, leg irons, a belly chain and a "black box."  Because of these restraints, Plaintiff could not raise his hands higher than his mouth and could not run or take a full step.

11. Plaintiff was uninjured at the time he was placed in the cell in the R & D Unit.

12. At the time that Plaintiff was moved to the R & D Unit, there were no other prisoners in the Unit.  There were no video cameras that provided coverage of events within the cells in the unit.

13. At approximately 4:00 p.m. on April 7, 2007, Defendants White and Miller and Eric McEachern went to the R & D Unit.  Once at the R & D Unit, Defendant White told Officer Gray to report to the SHU.

14. After Officer Gray left, Defendants White and Miller and Eric McEachern were the only custody staff in the R & D Unit.

15. When Eric McEachern entered the cell where Plaintiff was confined, Mr. McEachern was carrying a flashlight on his equipment belt.

16. At no time when Eric McEachern was in the cell with Plaintiff was there any justification to use force against Plaintiff under applicable Bureau of Prisons policy or the Eighth Amendment. Defendants White and Miller saw Eric McEachern strike Plaintiff.

17. While Eric McEachern was in the cell with Plaintiff, he struck Plaintiff twice with his flashlight.

18. As a result of the two flashlight blows from Eric McEachern, Plaintiff suffered two scalp wounds that resulted in blood loss. The scalp wounds involved roughly parallel cuts on the top of Plaintiff's head.

19. After examination by a physician's assistant at USP-Atwater, Plaintiff was transported to the emergency room at Mercy Hospital in Merced, California, where he was examined and treated for several hours. While at Mercy Hospital, medical personnel closed Plaintiff's head wounds. Correctional staff returned Plaintiff to USP-Atwater at approximately 9:00 p.m. on April 7, 2007.

20. Defendant Miller signed the inmate observation form for 4:00 p.m. April 7, 2007, regarding Plaintiff. In that form, Defendant Miller claimed that Plaintiff had caused his injuries by banging his head into the wall.

21. During the evening of April 7, 2007, a video recording was made showing Plaintiff's injuries. Defendant White narrated the soundtrack for that video recording. In that narration, Defendant White claimed that Plaintiff had caused his own injuries by banging his head into the wall.

22. While Eric McEachern was serving a second shift at USP-Atwater in the early morning hours of April 7, 2007, Defendant Miller telephoned him to find out whether Mr. McEachern was going ahead to file a report claiming that Plaintiff had caused his own injuries by running his head into the wall of the cell.

23. After the incident in which Eric McEachern struck Plaintiff with his flashlight, Defendants White and Miller and Eric McEachern filed official reports stating that Plaintiff had injured himself by running his head into the wall.

4

24. Defendants White and Miller did not correct those false reports until May 24, 2007, in the course of a meeting with federal investigators regarding Plaintiff's report that he had been assaulted by each of the Defendants.  At that point, Defendants White and Miller swore under oath that Eric McEachern twice struck Plaintiff in the head with his flashlight.

25. After Plaintiff returned from Mercy Hospital to USP-Atwater, he was given a medical examination on April 9, 2007, by Bureau of Prisons staff.

B.      Disputed Facts

1. Plaintiff's Facts Disputed by Defendants White and Miller

a.  On April 7, 2007, Defendants White and Miller expressly or tacitly agreed with Eric McEachern to use unlawful physical force on Plaintiff.

b.  The interaction with Plaintiff in the R & D cell on April 7, 2007, as agreed to by the three Defendants, was not undertaken pursuant to Bureau of Prisons policy.

c.  At no time when Defendants White and Miller were in the cell with Plaintiff was there any justification for either Defendant to use force against Plaintiff under applicable Bureau of Prisons policy or under the Eighth Amendment.

d.  Before Eric McEachern struck Plaintiff twice with a flashlight, Defendants White and Miller hit him with their fists and Defendant Miller kicked him.

e.  Plaintiff suffered physical injuries and pain, and mental and emotional injuries, from being struck by Eric McEachern, hit by Defendant White and hit and kicked by Defendant Miller.

f.  Defendants White and Miller and Eric McEachern acted with actual malice in violation of the Eighth Amendment to the Constitution in that they were not justified in using any force on Plaintiff, yet they maliciously and sadistically used force that was far beyond *de minimis.*

2. Defendants' Facts Disputed by Plaintiff

a.  The R & D Unit is also used as the Alternate Observation Area.

5

b. On April 7, 2007, correctional staff moved Plaintiff to the R & D Unit for observation because the other observation cells were occupied.

c. The discussion among Eric McEachern and Defendants White and Miller on April 7, 2007, prior to the events in which Plaintiff was injured, involved how to have a conversation with Plaintiff that would discourage him from other misbehavior.

d. Defendants White and Miller were not the cause of any physical or emotional injury allegedly suffered by Plaintiff on or about April 7, 2007, or thereafter.

e. Defendants White and Miller did not separately or collectively use unlawful physical force against Plaintiff on or about April 7, 2007.

f. Defendants White and Miller did not know, nor should they have known, that Eric McEachern intended to strike Plaintiff with a flashlight at any time on or about April 7, 2007.

g. Defendants White and Miller and Eric McEachern, on or about April 7, 2007, did not explicitly or implicitly agree to use force separately or collectively on Plaintiff.

h. The medical record of Plaintiff's examination at USP-Atwater on April 9, 2007 indicates that Plaintiff, in addition to his head wound, had a contusion with hematoma on his upper thigh, linear abrasions to both wrists, a hematoma on his left biceps, and soreness in his pelvic area.  Mercy Hospital medical staff who treated Plaintiff did not observe these additional injuries at the time of treatment. Bureau of Prisons Internal Affairs neither attributed these injuries to Defendants Miller and White, nor were they criminally charged for allegedly causing these injuries to Plaintiff.

i. While Eric McEachern was in the cell with Plaintiff, he struck Plaintiff twice with his flashlight.  Defendants White and Miller observed Eric McEachern strike Plaintiff, but they did not have time to stop the incident.

j. Shortly following the incident in which Plaintiff was assaulted, Defendants White and Miller and Eric McEachern discussed what they would report regarding the cause of Plaintiff's injuries.

k.  Eric McEachern was criminally charged for striking Plaintiff in the head with his flashlight and acquitted at trial of any criminal wrongdoing.

l.  Defendants Miller and White were not found to have participated in Eric McEachern's assault on Plaintiff and, thus, were not criminally charged.

C.     Disputed Evidentiary Issues

1.  The parties may disagree on the extent to which Plaintiff's prior criminal history can be introduced into evidence.

2.  The parties disagree on the relevance of evidence related to actions of Defendants White and Miller related to their reporting that Plaintiff had injured himself and related to the significance of housing Plaintiff in the R & D Unit, including the fact that there are no cameras that provide video coverage in the R & D cells; that there were no other prisoners in the R & D cells at the time; that these Defendants made false statements about the incident shortly after Plaintiff was injured; and that Defendant Miller contacted Mr. McEachern to ask him if he was going ahead with filing a false report about the incident.

3.  The parties disagree on whether Defendants can introduce testimony from the McEachern criminal trial.

4.  The parties disagree on whether Defendants should be required to designate specific documents from Plaintiff's Bureau of Prisons institutional file as exhibits, rather than the entire section, in light of the waste of time that would be required to resolve evidentiary objections to the mass of irrelevant documents that the file includes.

5.  The parties disagree on whether Defendants can list witnesses, other than parties, without providing addresses for the witness.

6.  The parties disagree on whether the fact that Eric McEachern was tried, and acquitted, of a violation of Plaintiff's civil rights is admissible in this trial.

7

7. The parties disagree on whether the fact that the United States declined to prosecute Defendants White and Miller in connection with the events on April 7, 2007, is admissible in this trial.

8. The parties disagree on whether Defendants can reserve the right to add exhibits (other than true rebuttal exhibits) after the Joint Pretrial Statement is filed.

9. Plaintiff will seek an order requiring Defendants to specify any expert testimony they intend to offer at trial so that Plaintiff may seek a pre-trial determination of the admissibility of that testimony under Fed. R. Evid. 702 and 703.

    D.    <u>Special Factual Information</u>

Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this action:

None applicable.

**IV.    Relief Sought**

Plaintiff seeks compensatory damages for pain and suffering from his physical injuries and from his mental and emotional injuries as a result of Defendants' violation of the Eighth Amendment. Plaintiff does not claim medical expenses, estimated future medical expenses, any period of total or partial disability, loss of earnings, loss of future earnings or property damage.

Plaintiff seeks punitive damages for Defendants' use of force without legal justification and with actual malice.

**V.    Points of Law**

    A.    <u>Eighth Amendment</u>

Plaintiff claims that Eric McEachern and Defendants White and Miller violated Plaintiff's right under the Eighth Amendment not to be subjected to the malicious and sadistic use of force beyond *de minimis* for the purpose of causing harm. *See Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010); *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

    B.    <u>Joint and Several Liability for Damages</u>

Plaintiff claims that Eric McEachern and Defendants White and Miller are jointly and severally liable for the damages based on the physical and emotional pain and suffering sustained by Plaintiff by

8

virtue of their conspiracy to injure Plaintiff.  *See, e.g., Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 775 (9th Cir. 2002); *In re Yahoo! Litig.*, 251 F.R.D. 459, 474 n. 11 (C.D. Cal. 2008).

           C.      <u>Punitive Damages</u>

Plaintiff claims punitive damages against Eric McEachern and Defendants White and Miller. *See Carlson v. Green*, 446 U.S. 14, 22 (1998) (approving the award of punitive damages in *Bivens* actions); *Smith v. Wade*, 461 U.S. 30, 46-47 (1982) (finding that jury was entitled to impose punitive damages on correctional officers in a § 1983 case if jury found either actual malice or reckless indifference to prisoner's safety).

           D.      <u>Qualified Immunity</u>

Defendants Miller and White claim that they have qualified immunity from any theory of liability asserted by the Plaintiff.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights); *Pearson v. Callahan*, 555 U.S. 223 (2009) (a court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful); *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (when a prison official attempts to resolve a disturbance, the inquiry turns on whether force was applied in good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm).

           E.      <u>De Minimis Use of Force</u>

Defendants Miller and White claim that any force used by either of them was done in good faith and a *de minimis* application.  *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

           F.      <u>Conspiracy</u>

Defendants Miller and White claim that they did not enter into any conspiracy with Eric McEachern to deprive Plaintiff of his constitutional rights before entering his holding cell or any time thereafter.  *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006) (to prove a conspiracy under section

1983, the plaintiff must show an agreement or a meeting of the minds to violate a constitutional right); *Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) (a conspiracy under section 1983 requires that the plaintiff prove both the existence of a conspiracy and the deprivation of a constitutional right).

## VI.   Abandoned Issues

None.

## VII.   Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

## VII.   Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

A.  Plaintiff's Witnesses

1.  Plaintiff Maximiliano Monclova Chavez

2.  Defendant Timothy Miller

3.  Defendant Kenneth White

4.  B. Urbano

5.  Plaintiff reserves the right to call any witness listed by Defendants.

B.  Defendants' Witnesses

1.  Defendant Timothy Miller

2.  Defendant Kenneth White

3.  Eric McEachern

10

4.   Capt. Johnathan Karte

5.   Warden Dennis Smith

6.   Officer Matthew Tincher

7.   Officer Phelix McKneely

8.   Officer Eckert

9.   Officer Nathan Davenport

10. Officer Jason Dixon

11. Officer Jason Renteria

12. Officer Cutehmoc Oliveros

13. Officer Micheal Henandez

14. Officer Jerome Schroer

15. Officer Sam Gonzalez

16. Officer Kenneth Stillwell

17. Officer Gray

18. Officer Daniel Moradzadeh

19. Dr. Amy Fenchel

20. SIS Tech Joel Zaragoza

21. P.A. Billy Urbano

22. Officer Johnny Williams

23. Officer Kenneth Dugdale

24. Plaintiff Maximiliano Monclova Chavez

25.  C.D. Cole

Non-Retained Experts

26. Harry L. Smith, Ph.D, M.D.

27. Stephen Backman, D.O.

28. Mark a Wagner, D.O.

29. Capt. Ray Garcia

**VIII.   Exhibits**

11

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

A.      Plaintiff's Exhibits

Pleadings

1.   Kenneth White Answer to Complaint 4/24/09

2.   Timothy Miller Answer to Complaint 4/24/09

3.   Kenneth White Amended Answer to Complaint 6/14/11

4.   Timothy Miller Amended Answer to Complaint 6/14/11

BOP Investigation File

5.   After-Action Review Report 4/7/07

6.   Referral of Incident (Internal Affairs) 4/13/07

7.   Abbreviated Report of Investigation 9/8/10

8.   Memorandum of Investigation: Interview of Timothy D. Miller 5/25/07

9.   Affidavit of Timothy D. Miller 5/29/07

10. Memorandum of Investigation: Signed Statement of Lt. Kenneth White 5/29/07

11. Affidavit of Kenneth White 5/24/07

12. Letter from D. Smith to Timothy Miller 10/26/07

13. Letter from D. Smith to Kenneth White 10/19/07

14. Set of Photographs of Maximiliano Monclova-Chavez 4/9/07:

     a.   BOP 000115

     b.   BOP 000116

     c.   BOP 000117

     d.   BOP 000118

     e.   BOP 000119

Medical Records

12

15. Mercy Medical Center Merced Records for Maximiliano Monclova-Chavez 4/07/07

16. BOP Medical Records Excerpts:

    a.  Chronological Record Entry 10/11/08

    b.  Intake screening at Coleman 10/2/07

    c.  Chronological Record Entry 5/15/07

    d.  Medication Record 5/9/07

    e.  Medical Summary from Atwater 5/9/07

    f.  SOAP note 4/7/07

    g.  SOAP Note 5/2/07

    h.  Medication Profile FCI Victorville

    i.  BOP Transfer Form 5/28/07

    j.  Inmate Injury Assessment Form 4/9/07

    k.  Inmate Injury Assessment Form 4/7/09

<u>Institutional File</u>

17. Intake Screening (Medical) 5/26/06 3 pages

<u>BOP Policies</u>

18. Program Statement 3420.09 (Employee Conduct) 2/5/99

19. Program Statement P5566.06 (Use of Force and Application of Restraints) 11/30/05

<u>Other</u>

20. Excerpts from Kenneth White Testimony (*United States v. McEachern*, 1:08-cr-138 LJO)

21. Excerpts from Timothy Miller Testimony (*United States v. McEachern*, 1:08-cr-138 LJO)

22. Plaintiff reserves the right to introduce any exhibit listed by Defendants.

B.    <u>Defendants' Exhibits</u>

<u>Pleadings</u>

1.  Plaintiff's Complaint

2.  Kenneth White Amended Answer to Complaint 6/14/11

3.  Timothy Miller Amended Answer to Complaint 6/14/11

<u>BOP Investigation File</u>

4.  Report of Incident / Form 583
    Dated: April 7, 2007
    Submitted by: D. Smith
    (BOP 000001-000004)

5.  After Action Report
    Dated: April 7, 2007
    Submitted by: D. Smith
    (BOP 000005-000006)

6.  Report of Incident
    Dated: April 7, 2007
    Submitted by: D. Smith
    (BOP 000007-000010)

7.  After Action Report
    Dated: April 7, 2007
    Submitted by: D. Smith
    (BOP 00000-00000)

8.  Referral of Incident
    Dated: April 13, 2007
    Submitted by: C.D. Cole
    (BOP 000013-000017)

9.  Abbreviated Report of Investigation
    Dated: September 8, 2010
    (BOP 000018-000019)

10. Memorandum of Investigation
    Dated: April 22, 2008
    Submitted by: Redacted
    (BOP 000043-000053)

11. Memorandum of Investigation
    Dated: May 8, 2007
    Submitted by: Redacted
    (BOP 000055-000060)

12. Memorandum of Investigation
    Dated: May 25, 2007
    Submitted by: Redacted
    (BOP 000061-000066)

13. Memorandum of Investigation
    Dated: May 29, 2007
    Submitted by: Redacted

(BOP 000067-000070)

14. Memorandum of Investigation
    Dated: May 31, 2007
    Submitted by: Redacted
    (BOP 000091-000098)

15. Indictment of Eric McEachern
    Dated: May 1, 2008
    (BOP 000102-000107)

16. Verdict Form in the matter of *U.S. v. Eric McEachern*
    Dated: June 28, 2010
    (BOP 000109)

17. Mercy Medical Center Merced
    Emergency Room Report
    Dated: April 7, 2007
    Prepared by: Stephen Backman, D.O.
    (BOP 000110-000112)

18. Mercy Medical Center Merced
    Diagnostic Imaging Report
    Dated: April 7, 2007
    (BOP 000113)

19. Photos of Plaintiff Monclova-Chavez
    Dated: April 9, 2007
    Taken by: J. Zaragoza
    (BOP 000115-000121)

20. Photos of Plaintiff Monclova-Chavez
    Dated: April 7, 2007
    Taken by: E. McEachern
    (BOP 000122-000129)

21. Video Recording – Cell Extraction of Plaintiff Monclova-Chavez
    Dated:  April 7, 2007

22. BOP Medical Records Excerpts:

    a.   Chronological Record Entry 10/11/08

    b.   Intake screening at Coleman 10/2/07

    c.   Chronological Record Entry 5/15/07

    d.   Medication Record 5/9/07

e.   Medical Summary from Atwater 5/9/07

f.   SOAP note 4/7/07

g.   SOAP Note 5/2/07

h.   Medication Profile FCI Victorville

i.   BOP Transfer Form 5/28/07

j.   Inmate Injury Assessment Form 4/9/07

k.   Inmate Injury Assessment Form 4/7/09

Institutional File

23.   Central File of Plaintiff Monclova-Chavez

a.   Section PPG-O

b.   Section PP-44

c.   Section PD-15

Other

24.   Excerpts from Kenneth White Testimony (*United States v. McEachern*, 1:08-cr-138 LJO)

25.   Excerpts from Timothy Miller Testimony (*United States v. McEachern*, 1:08-cr-138 LJO)

26.   Excerpts from Harry L. Smith, Ph.D, M.D. Testimony (*United States v. McEachern*, 1:08-cr-138 LJO)

27.   Defendants reserve the right to introduce any exhibit listed by Plaintiff.  Defendants reserve the right to withdraw any exhibit identified herein.  Defendants further reserve the right to seek leave of court to amend or modify the exhibits identified herein.

**X.    Discovery Documents To Be Used At Trial (Answers To Interrogatories And Responses To Requests For Admissions)**

Plaintiff's Discovery Documents

1.   Interrogatory and Response 2, Timothy Miller Response to Interrogatories 7/28/11, with verification

16

2.   Interrogatory and Response 2, Kenneth White Response to Interrogatories, 7/28/11, with verification

Defendants' Discovery Documents

3.   Interrogatory and Response to Special Interrogatories, Set 2, Maximilian Monclova-Chavez, 12/13/11, with verification

## X.      Further Discovery or Motions

No further discovery is anticipated.

Even though discovery is closed, all parties are reminded of their continuing obligation to update all discovery responses previously made if that party becomes aware of new information or becomes aware that an answer in a previous response is incomplete or incorrect.  Fed. R. Civ. P. 26(e)(2).

Plaintiff will seek to subpoena the originals of Exhibit 13 from the Bureau of Prisons.

If any party intends to file motions in limine, the procedure and time requirements are set forth below.

## XI.    Stipulations

None, aside from the undisputed facts.

## XII.   Amendments/Dismissals

None.

## XIII.  Settlement Negotiations

No settlement conference has taken place.   If the parties believe a settlement may be useful, they may contact the Chambers of Magistrate Judge Barbara A. McAuliffe at (559)-499-5788 to arrange a settlement conference.

## XIV.   Agreed Statement

No party believes that a presentation of some or all of the evidence by agreed statement is feasible or advisable.

## XV.    Separate Trial of Issues

As is this Court's custom, the trial will include liability, the amount of any damages, and whether the jury believes punitive damages are available.   If punitive damages are warranted, the Court will conduct a bifurcated trial to determine the amount of any punitive damages.

### XVI.   Experts

Neither party has designated experts.  Neither party contemplates requesting the appointment of an impartial expert.

### XVII.  Attorneys' Fees

Defendants White and Miller seek attorney fees and costs should they prevail at trial.

### XVIII. Trial Exhibits

Plaintiff may request return of exhibits in light of the severed trial regarding Defendant Tincher.

### XIX. Further Trial Preparation

A.  <u>Motions In Limine Hearing and Briefing Schedule</u>

Any party may file a motion in limine.  The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial.  Although the Federal Rules do not explicitly provide for the filing of motions in limine, the court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose.  *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997).  The court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  *Id.*; *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

All motions in limine must be served on the other party or parties, and filed with the court, by **July 2, 2013**.  Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party or parties, and filed with the court, by **July 16, 2013**.

If any party files a motion in limine, the court will hear and decide such motions on **July 22, 2013 at 2:00 p.m. in Courtroom Two.**

Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.

B. <u>Duty of Counsel to Pre-Mark Exhibits</u>

The parties are ordered to confer no later than **June 24, 2013**, for purposes of pre-marking and examining each other's exhibits. All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2). All of Plaintiff's exhibits shall be pre-marked with numbers. All of Defendants' exhibits shall be pre-marked with letters.

1. Counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

(a) Two sets of binders to be delivered to Courtroom Clerk Harold Nazaroff no later than **July 25, 2013,** one for use by the Courtroom Clerk and the other for the court; and

(b) One set for each counsel's own use.

If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2. Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

(a) Duplicate exhibits, i.e., documents which both sides desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above. Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

(b) As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiff's Exhibit 1 or Defendants' Exhibit A, and shall be listed in the offering party's index in a column entitled "Admitted In Evidence." Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

(c)      Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiff's Exhibit 2 - For Identification, or Defendants' Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

(d)      Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately, e.g., Plaintiff's Exhibit 3 - For Identification or Defendants' Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

3.      Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The court has no objection to counsel using copies.  However, the copies must be legible.  If any document is offered into evidence that is partially illegible, the court may sua sponte exclude it from evidence.

C.  Discovery Documents

By **July 25, 2013**, each party shall file a list of all discovery documents the party intends to use at trial.  The list shall indicate whether each discovery document has previously been lodged with the Clerk.  If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Clerk by **July 25, 2013**.

D.  Trial Briefs

The parties are directed to file and serve a Trial Brief by **July 9, 2013**.  Local Rule 285.  The parties need not include in the Trial Brief any issue that is adequately addressed in a motion in limine,

or in an opposition brief to a motion in limine.  Any response to a Trial Brief shall be filed and served by **July 16, 2013**.

E.   Voir Dire

The parties shall file and serve proposed voir dire questions, if any, by 4:00 p.m., **July 25, 2013.**  Co-Defendants may file joint proposed voir dire questions.

Further, in order to aid the court in the proper voir dire examination of the prospective jurors, counsel should lodge with the court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call.  The purpose of the list is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

F.   Agreed Summary Of The Case

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case, briefly outlining the positions of the parties by 4:00 p.m. on **July 25, 2013**.  The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process. The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

G.   Proposed Jury Instructions

The parties shall file and serve proposed jury instructions by **July 16, 2013**.   Electronic filers shall also attach a copy of their proposed jury instructions to an e-mail, which the party shall send to: awiorders@caed.uscourts.gov.

All proposed jury instructions shall be in duplicate.  One set shall indicate the party proposing the instruction, with each instruction numbered or lettered, shall cite supporting authority, and shall include the customary "Given, Given as Modified, or Refused," showing the court's action with regard to each instruction.  The other set shall be an exact copy of the first set, but shall be a "clean" copy that does not contain the identification of the offering party, instruction number or letter, supporting authority, or reference to the court's disposition of the proposed instruction.

The parties are ordered to confer after the trial confirmation hearing to determine which instructions they agree should be given.  As soon as possible thereafter, the parties shall submit a list

of joint, unopposed instructions.  As to those instructions to which the parties dispute, the court will conduct its jury instruction conference during trial at a convenient time.

H.  Proposed Verdict Form

The parties shall file and serve a proposed verdict form by **July 16, 2013**.

I.  Use Of Videotape and Computers

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk by 4:00 p.m. on Thursday, **July 25, 2013**.  If a written transcript of audible words on the tape is available, the court requests that the transcript be lodged with the court, solely for the aid of the court.

If counsel intends to use a laptop computer for presentation of evidence, they shall contact the courtroom deputy clerk at least one week prior to trial.  The courtroom deputy clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the court's audio/visual equipment.  If counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

J.  Morning Conferences During Trial

During the trial, it is the obligation of counsel to meet with the court each morning to advise the court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the court will rule as requested upon the receipt of such testimony.

The court shall consider any other legal matter at morning conferences as well.  The court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

K.  Order Of Witnesses

22

In order to make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call at each trial session.

**XX**.    **Objections to Pretrial Order**

Any party may, within ten (10) calendar days after the date of service of this Order, file and serve written objections to any of the provisions of this Order.  Such objections shall specify the requested modifications, corrections, additions or deletions.

**XXI.    Rules of Conduct During Trial**

A.    <u>General Rules</u>

1.    All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

2.    All oral presentations shall be made from the podium, unless otherwise permitted by the court.

3.    Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4.    Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

B.    <u>Jury Selection</u>

1.    The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel.  In some circumstances, the court may allow brief direct questioning by counsel.

C.    <u>Opening Statements</u>

1.    Counsel may use visual aids in presenting the opening statement.  However, any proposed visual aids shall be shown to opposing counsel before opening statement.

D.    <u>Case in Chief</u>

1.    Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2.      At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

E.      Witnesses

1.      Before approaching a witness, counsel shall secure leave of court to approach the witness.

2.      Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

F.      Exhibits

1.      All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2.      An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

3.      The court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

G.      Objections

1.      No speaking objections or arguments are permitted in the presence of the jury.  Counsel shall state the specific legal ground(s) for the objection, and the court will rule based upon the ground(s) stated.  The court will permit counsel to argue the matter at the next recess.

2.      The court will not assume that any objection made also implies with it a motion to strike an answer that has been given.  Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

H.      Closing Argument

1.      Counsel may use visual aids in presenting the closing argument.  However, any proposed visual aids shall be shown to opposing counsel before closing argument.

FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.

==

C.  <u>Plaintiff's Witnesses</u>

6.  Plaintiff Maximiliano Monclova Chavez

7.  Defendant Timothy Miller

8.  Defendant Kenneth White

9.  B. Urbano

10. Plaintiff reserves the right to call any witness listed by Defendants.

D.  <u>Defendants' Witnesses</u>

30. Defendant Timothy Miller

31. Defendant Kenneth White

32. Eric McEachern

33. Capt. Johnathan Karte

34. Warden Dennis Smith

35. Officer Matthew Tincher

36. Officer Phelix McKneely

37. Officer Eckert

38. Officer Nathan Davenport

39. Officer Jason Dixon

40. Officer Jason Renteria

41. Officer Cutehmoc Oliveros

42. Officer Micheal Henandez

43. Officer Jerome Schroer

44. Officer Sam Gonzalez

45. Officer Kenneth Stillwell

46. Officer Gray

47. Officer Daniel Moradzadeh

48. Dr. Amy Fenchel

49. SIS Tech Joel Zaragoza

50. P.A. Billy Urbano

51. Officer Johnny Williams

52. Officer Kenneth Dugdale

53. Plaintiff Maximiliano Monclova Chavez

<u>Non-Retained Experts</u>

54. Harry L. Smith, Ph.D, M.D.

55. Stephen Backman, D.O.

56. Mark a Wagner, D.O.

57. Capt. Ray Garcia

**VIII.   Exhibits**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

C.      <u>Plaintiff's Exhibits</u>

<u>Pleadings</u>

28. Kenneth White Answer to Complaint 4/24/09

29. Timothy Miller Answer to Complaint 4/24/09

30. Kenneth White Amended Answer to Complaint 6/14/11

31. Timothy Miller Amended Answer to Complaint 6/14/11

BOP Investigation File

32. After-Action Review Report 4/7/07

33. Referral of Incident (Internal Affairs) 4/13/07

34. Abbreviated Report of Investigation 9/8/10

35. Memorandum of Investigation: Interview of Timothy D. Miller 5/25/07

36. Affidavit of Timothy D. Miller 5/29/07

37. Memorandum of Investigation: Signed Statement of Lt. Kenneth White 5/29/07

38. Affidavit of Kenneth White 5/24/07

39. Letter from D. Smith to Timothy Miller 10/26/07

40. Letter from D. Smith to Kenneth White 10/19/07

41. Set of Photographs of Maximiliano Monclova-Chavez 4/9/07:

    a.   BOP 000115

    b.   BOP 000116

    c.   BOP 000117

    d.   BOP 000118

    e.   BOP 000119

Medical Records

42. Mercy Medical Center Merced Records for Maximiliano Monclova-Chavez 4/07/07

43. BOP Medical Records Excerpts:

    a.   Chronological Record Entry 10/11/08

    b.   Intake screening at Coleman 10/2/07

    c.   Chronological Record Entry 5/15/07

    d.   Medication Record 5/9/07

    e.   Medical Summary from Atwater 5/9/07

    f.   SOAP note 4/7/07

    g.   SOAP Note 5/2/07

    h.   Medication Profile FCI Victorville

  i. BOP Transfer Form 5/28/07

  j. Inmate Injury Assessment Form 4/9/07

  k. Inmate Injury Assessment Form 4/7/09

<u>Institutional File</u>

44. Intake Screening (Medical) 5/26/06 3 pages

<u>BOP Policies</u>

45. Program Statement 3420.09 (Employee Conduct) 2/5/99

46. Program Statement P5566.06 (Use of Force and Application of Restraints) 11/30/05

<u>Other</u>

47. Excerpts from Kenneth White Testimony (*United States v. McEachern*, 1:08-cr-138 LJO)

48. Excerpts from Timothy Miller Testimony (*United States v. McEachern*, 1:08-cr-138 LJO)

49. Plaintiff reserves the right to introduce any exhibit listed by Defendants.

D. <u>Defendants' Exhibits</u>

<u>Pleadings</u>

23. Plaintiff's Complaint

24. Kenneth White Amended Answer to Complaint 6/14/11

25. Timothy Miller Amended Answer to Complaint 6/14/11

<u>BOP Investigation File</u>

26. Report of Incident / Form 583
  Dated: April 7, 2007
  Submitted by: D. Smith
  (BOP 000001-000004)

27. After Action Report
  Dated: April 7, 2007
  Submitted by: D. Smith
  (BOP 000005-000006)

28. Report of Incident
  Dated: April 7, 2007
  Submitted by: D. Smith
  (BOP 000007-000010)

29. After Action Report

Dated: April 7, 2007
Submitted by: D. Smith
(BOP 00000-00000)

30. Referral of Incident
Dated: April 13, 2007
Submitted by: C.D. Cole
(BOP 000013-000017)

31. Abbreviated Report of Investigation
Dated: September 8, 2010
(BOP 000018-000019)

32. Memorandum of Investigation
Dated: April 22, 2008
Submitted by: Redacted
(BOP 000043-000053)

33. Memorandum of Investigation
Dated: May 8, 2007
Submitted by: Redacted
(BOP 000055-000060)

34. Memorandum of Investigation
Dated: May 25, 2007
Submitted by: Redacted
(BOP 000061-000066)

35. Memorandum of Investigation
Dated: May 29, 2007
Submitted by: Redacted
(BOP 000067-000070)

36. Memorandum of Investigation
Dated: May 31, 2007
Submitted by: Redacted
(BOP 000091-000098)

37. Indictment of Eric McEachern
Dated: May 1, 2008
(BOP 000102-000107)

38. Verdict Form in the matter of *U.S. v. Eric McEachern*
Dated: June 28, 2010
(BOP 000109)

39. Mercy Medical Center Merced

29

Emergency Room Report
Dated: April 7, 2007
Prepared by: Stephen Backman, D.O.
(BOP 000110-000112)

40. Mercy Medical Center Merced
Diagnostic Imaging Report
Dated: April 7, 2007
(BOP 000113)

41. Photos of Plaintiff Monclova-Chavez
Dated: April 9, 2007
Taken by: J. Zaragoza
(BOP 000115-000121)

42. Photos of Plaintiff Monclova-Chavez
Dated: April 7, 2007
Taken by: E. McEachern
(BOP 000122-000129)

43. Video Recording – Cell Extraction of Plaintiff Monclova-Chavez
Dated:  April 7, 2007

44. BOP Medical Records Excerpts:

    a.  Chronological Record Entry 10/11/08

    b.  Intake screening at Coleman 10/2/07

    c.  Chronological Record Entry 5/15/07

    d.  Medication Record 5/9/07

    e.  Medical Summary from Atwater 5/9/07

    f.  SOAP note 4/7/07

    g.  SOAP Note 5/2/07

    h.  Medication Profile FCI Victorville

    i.  BOP Transfer Form 5/28/07

    j.  Inmate Injury Assessment Form 4/9/07

    k.  Inmate Injury Assessment Form 4/7/09

Institutional File

50.   Central File of Plaintiff Monclova-Chavez

    a.   Section PPG-O

    b.   Section PP-44

    c.   Section PD-15

Other

51.   Excerpts from Kenneth White Testimony (*United States v. McEachern*, 1:08-cr-138 LJO)

52.   Excerpts from Timothy Miller Testimony (*United States v. McEachern*, 1:08-cr-138 LJO)

53.   Excerpts from Harry L. Smith, Ph.D, M.D. Testimony (*United States v. McEachern*, 1:08-cr-138 LJO)

54.   Defendants reserve the right to introduce any exhibit listed by Plaintiff.  Defendants reserve the right to withdraw any exhibit identified herein.  Defendants further reserve the right to seek leave of court to amend or modify the exhibits identified herein.

**IX.   Discovery Documents To Be Used At Trial (Answers To Interrogatories And Responses To Requests For Admissions)**

Plaintiff's Discovery Documents

4.   Interrogatory and Response 2, Timothy Miller Response to Interrogatories 7/28/11, with verification

5.   Interrogatory and Response 2, Kenneth White Response to Interrogatories, 7/28/11, with verification

Defendants' Discovery Documents

6.   Interrogatory and Response to Special Interrogatories, Set 2, Maximilian Monclova-Chavez, 12/13/11, with verification

**X.   Further Discovery or Motions**

No further discovery is anticipated.

Even though discovery is closed, all parties are reminded of their continuing obligation to update all discovery responses previously made if that party becomes aware of new information or

31

becomes aware that an answer in a previous response is incomplete or incorrect.  Fed. R. Civ. P.
26(e)(2).

Plaintiff will seek to subpoena the originals of Exhibit 13 from the Bureau of Prisons.

If any party intends to file motions in limine, the procedure and time requirements are set forth
below.

**XI.     Stipulations**

None, aside from the undisputed facts.

**XII.    Amendments/Dismissals**

None.

**XIII.   Settlement Negotiations**

No party anticipates settlement.

**XIV.    Agreed Statement**

No party believes that a presentation of some or all of the evidence by agreed statement is
feasible or advisable.

**XV.     Separate Trial of Issues**

The parties agree to bifurcate the issue of liability and compensatory damages from the issue of
punitive damages.

**XVI.    Experts**

Neither party has designated experts.  Neither party contemplates requesting the appointment
of an impartial expert.

**XVII.  Attorneys' Fees**

Defendants White and Miller seek attorney fees and costs should they prevail at trial.

**XVIII. Trial Exhibits**

Plaintiff may request return of exhibits in light of the severed trial regarding Defendant
Tincher.

**XIX. Further Trial Preparation**

L.   Motions In Limine Hearing and Briefing Schedule

Any party may file a motion in limine.  The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial.  Although the Federal Rules do not explicitly provide for the filing of motions in limine, the court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose.  *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997).  The court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  *Id.*; *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

All motions in limine must be served on the other party or parties, and filed with the court, by **July 2, 2013**.  Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party or parties, and filed with the court, by **July 16, 2013**.

If any party files a motion in limine, the court will hear and decide such motions on the morning of trial at 8:30 a.m.

Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.

M. Duty of Counsel to Pre-Mark Exhibits

The parties are ordered to confer no later than **June 24, 2013**, for purposes of pre-marking and examining each other's exhibits.  All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2).  All of Plaintiff's exhibits shall be pre-marked with numbers.  All of Defendants' exhibits shall be pre-marked with letters.

1.      Counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

(a)      Two sets of binders to be delivered to Courtroom Clerk Harold Nazaroff no later than **July 25, 2013**, one for use by the Courtroom Clerk and the other for the court; and

(b)      One set for each counsel's own use.

33

If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2.     Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

(a)     Duplicate exhibits, i.e., documents which both sides desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above.  Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

(b)     As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiff's Exhibit 1 or Defendants' Exhibit A, and shall be listed in the offering party's index in a column entitled "Admitted In Evidence."  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

(c)     Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiff's Exhibit 2 - For Identification, or Defendants' Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

(d)     Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately, e.g., Plaintiff's Exhibit 3 - For Identification or Defendants' Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

3.     Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
| --- | --- | --- | --- | --- |

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The court has no objection to counsel using copies.  However, the copies must be legible.  If any document is offered into evidence that is partially illegible, the court may sua sponte exclude it from evidence.

N.  Discovery Documents

By **July 25, 2013**, each party shall file a list of all discovery documents the party intends to use at trial.  The list shall indicate whether each discovery document has previously been lodged with the Clerk.  If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Clerk by **July 25, 2013**.

O.  Trial Briefs

The parties are directed to file and serve a Trial Brief by **July 18, 2013**.  Local Rule 285.  The parties need not include in the Trial Brief any issue that is adequately addressed in a motion in limine, or in an opposition brief to a motion in limine.  Any response to a Trial Brief shall be filed and served by **July 25, 2013**.

P.  Voir Dire

The parties shall file and serve proposed voir dire questions, if any, by 4:00 p.m. on Thursday, **July 25, 2013.**  Co-Defendants may file joint proposed voir dire questions.

Further, in order to aid the court in the proper voir dire examination of the prospective jurors, counsel should lodge with the court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call.  The purpose of the list is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

Q.  Agreed Summary Of The Case

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case, briefly outlining the positions of the parties by 4:00 p.m. on Thursday, **July 25, 2013**.  The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection

process.  The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

R.   Proposed Jury Instructions

The parties shall file and serve proposed jury instructions by 4:00 p.m. on Thursday, **July 25, 2013**.  Electronic filers shall also attach a copy of their proposed jury instructions to an e-mail, which the party shall send to:   awiorders@caed.uscourts.gov.

All proposed jury instructions shall be in duplicate.  One set shall indicate the party proposing the instruction, with each instruction numbered or lettered, shall cite supporting authority, and shall include the customary "Given, Given as Modified, or Refused," showing the court's action with regard to each instruction.  The other set shall be an exact copy of the first set, but shall be a "clean" copy that does not contain the identification of the offering party, instruction number or letter, supporting authority, or reference to the court's disposition of the proposed instruction.

The parties are ordered to confer after the trial confirmation hearing to determine which instructions they agree should be given.  As soon as possible thereafter, the parties shall submit a list of joint, unopposed instructions.  As to those instructions to which the parties dispute, the court will conduct its jury instruction conference during trial at a convenient time.

S.   Proposed Verdict Form

The parties shall file and serve a proposed verdict form by 4:00 p.m. on Thursday, **July 25, 2013**.

T.   Use Of Videotape and Computers

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk by 4:00 p.m. on Thursday, **July 25, 2013**.  If a written transcript of audible words on the tape is available, the court requests that the transcript be lodged with the court, solely for the aid of the court.

If counsel intends to use a laptop computer for presentation of evidence, they shall contact the courtroom deputy clerk at least one week prior to trial.  The courtroom deputy clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's

36

equipment interacts with the court's audio/visual equipment.  If counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

U.  <u>Morning Conferences During Trial</u>

During the trial, it is the obligation of counsel to meet with the court each morning to advise the court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon.  The court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury.  If the ruling depends upon the receipt of testimony, the court will rule as requested upon the receipt of such testimony.

The court shall consider any other legal matter at morning conferences as well.  The court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

V.  <u>Order Of Witnesses</u>

In order to make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call at each trial session.

**XX**.    **Objections to Pretrial Order**

Any party may, within ten (10) calendar days after the date of service of this Order, file and serve written objections to any of the provisions of this Order.  Such objections shall specify the requested modifications, corrections, additions or deletions.

**XXI.    Rules of Conduct During Trial**

A.    <u>General Rules</u>

1.    All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

2.    All oral presentations shall be made from the podium, unless otherwise permitted by the court.

3.    Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4.      Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

B.      Jury Selection

1.      The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel.  In some circumstances, the court may allow brief direct questioning by counsel.

C.      Opening Statements

1.      Counsel may use visual aids in presenting the opening statement.  However, any proposed visual aids shall be shown to opposing counsel before opening statement.

D.      Case in Chief

1.      Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2.      At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

E.      Witnesses

1.      Before approaching a witness, counsel shall secure leave of court to approach the witness.

2.      Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

F.      Exhibits

1.      All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2.      An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

3.     The court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

G.     Objections

1.     No speaking objections or arguments are permitted in the presence of the jury.  Counsel shall state the specific legal ground(s) for the objection, and the court will rule based upon the ground(s) stated.  The court will permit counsel to argue the matter at the next recess.

2.     The court will not assume that any objection made also implies with it a motion to strike an answer that has been given.  Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

H.     Closing Argument

1.     Counsel may use visual aids in presenting the closing argument.  However, any proposed visual aids shall be shown to opposing counsel before closing argument.


FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.


IT IS SO ORDERED.

Dated:   June 18, 2013         _____
                               SENIOR  DISTRICT  JUDGE

39