# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILLIAN MONCLOVA-CHAVEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ERIC McEACHERN, et al.,<br><br>　　　　Defendants. | Case No.: 1:08-cv-00076-AWI-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION IN LIMINE (ECF No. 152) |

## BACKGROUND

This action proceeds on Plaintiff Maximilian Monclova-Chavez's complaint filed on January 15, 2008. Plaintiff Maximilian Monclova-Chavez is a federal prisoner proceeding in this civil rights action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) for two separate incidents of excessive force in violation of the Eighth Amendment.

On June 19, 2013, the Court issued a pretrial order concerning the trial between Plaintiff and Defendants Miller and White. (ECF No. 148.) Pursuant to that order, the parties were directed to file and serve any motions in limine no later than July 2, 2013. (ECF No. 148, p. 18.)

On July 2, 2013, Defendants White and Miller filed motions in limine. These motions are set to be heard on July 22, 2013, at 2:00 p.m. (ECF No. 151.)

1   On July 3, 2013, Plaintiff filed the instant motion to strike Defendants' motions in limine
2   without prejudice to Defendants' right to raise the same arguments in their trial brief.  Alternatively,
3   Plaintiff requests that the Court cancel oral argument and decide Defendants' motion in limine on the
4   filings or conduct oral argument telephonically on the motions in limine.
5   Plaintiff argues that Defendants' motions in limine should be stricken because Defendants
6   failed to follow the Court's directive, given at the pretrial conference, that the "parties were to check
7   with opposing counsel prior to filing to determine whether a motion in limine would be opposed."
8   (ECF No. 152-1, p. 1.)  Plaintiff's counsel reports that she sent defense counsel memoranda regarding
9   certain evidentiary issues that Plaintiff intended to raise in motions in limine.  Defense counsel failed
10  to respond as agreed, and on July 1, 2013, defense counsel's paralegal reported that counsel had not
11  had time to review the motions and that Plaintiff should assume that they would be opposed.  At that
12  point, Plaintiff's counsel assumed Defendants were not planning to file any motions in limine.
13  Accordingly, Plaintiff's counsel decided to raise evidentiary issues in Plaintiff's trial brief rather than
14  file motions in limine.   Plaintiff's counsel also argues that much of Defendants' motion is unopposed,
15  which makes live oral argument unnecessary, and the remainder of Defendants' arguments do not
16  require oral argument.
17  On July 5, 2013, Defendants filed their opposition to Plaintiff's motion to strike.  (ECF No.
18  153.)  Defendants contend that the Court did not require the parties to "meet and confer" regarding
19  proposed motions in limine, referencing the absence of any such language in the Court's pretrial order,
20  along with defense counsel's notes from the pretrial conference.  Defendants also contend that
21  Plaintiff's counsel has not suffered any prejudice because the deadline to oppose Defendants' July 2,
22  2013 motions in limine was not until July 16, 2013.  Finally, Defense counsel indicates that
23  Defendants do not object to allowing Plaintiff's counsel to appear telephonically at the motions in
24  limine hearing.

DISCUSSION

26  Having considered the parties' arguments, the Court does not find any basis to strike
27  Defendants' motions in limine.   The pretrial order did not require the parties to meet and confer
28  regarding motions in limine.   The Court's verbal comments during the unrecorded pretrial conference

about evidentiary issues, which went beyond the pretrial order, were not Court orders.  They were suggestions on how counsel and this overburdened Court could avoid spending unnecessary time resolving undisputed evidentiary issues.   Ironically, the Court's advice has resulted in the Court spending additional time considering such issues.)

The Court finds that Plaintiff has not been prejudiced by Defendants' motions in limine.  First, Plaintiff's counsel had the opportunity to file an opposition to Defendants' motions in limine by July 16, 2013, and Plaintiff's counsel did file a timely opposition.   To the extent this pending motion to strike resulted in Plaintiff's counsel omitting any contentions from the opposition, the Court will both accept a concise letter brief setting forth Plaintiff's omitted arguments and consider Plaintiff's counsel's arguments at the hearing.  Second, to the extent that Plaintiff did not file motions in limine, Plaintiff is not precluded from objecting to the introduction of evidence at trial.  Third, the parties are still welcome, and even encouraged, to reach agreements on the admissibility of evidence prior to trial without the Court's involvement.   Finally, to reduce the expense and/or burden of appearing personally at the motions in limine hearing, all counsel may appear telephonically for oral argument on July 22, 2013, at 2:00 p.m.

## ORDER

Based on the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to strike Defendants' motion in limine, filed on July 3, 2013, is DENIED;
2. All counsel may appear telephonically for the motions in limine hearing on July 22, 2013, at 2:00 p.m. before the undersigned; and
3. Counsel are directed to contact the undersigned's Courtroom Deputy, Harold Nazaroff, at 559-499-5668 to make arrangements for counsels' Telephonic Appearance.

IT IS SO ORDERED.

Dated:  July 17, 2013

_____
SENIOR  DISTRICT  JUDGE