UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILLIAN MONCLOVA-CHAVEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC McEACHERN, et al.,<br><br>    Defendants. | Case No.: 1:08-cv-00076-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 178)<br><br>FOURTEEN DAY DEADLINE |

**I.    INTRODUCTION**

Plaintiff Maximilian Monclova-Chavez, a federal prisoner, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971) on January 15, 2008. This action proceeds against Defendant McEachern for excessive force in violation of the Eighth Amendment. All other defendants and claims have been dismissed.

Plaintiff filed a Motion for Default Judgment on October 21, 2013, and the matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Defendant McEachern has not appeared in this action or otherwise filed a timely opposition to the motion. The motion is deemed submitted. Local Rule 230(l). For the reasons that follow, the Court recommends denial of Plaintiff's motion for default judgment without prejudice.

///

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 15, 2008, Plaintiff filed his civil rights complaint against Defendants Eric McEachern, Timothy Miller, Kenneth White and C.O. Tincher pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed. 2d 619 (1971). (Doc. 1.) Following screening pursuant to 28 U.S.C. § 1915A, this action proceeded against Defendants McEachern, Miller, White and Tincher for violations of the Eighth Amendment. (ECF No. 9.)

In connection with his claims against Defendant McEachern, Plaintiff alleged as follows:

> On April 7, 2007, Plaintiff was being housed in the Special Housing Unit (SHU), D-Range Cell #220, USP Atwater, California. [¶] On April 7, 2007, around 12:45 PM, 5-6 special Operations Response Team (SORT) members with defendant McEachern, a Physician[']s Assistant, a person with a video camera, a Ms. Ortiz, and possibly a duty officer came to Cell #220. [¶] Plaintiff was peacefully cuffed from behind and removed from Cell #220 without incident. This complete event was captured on video. [¶] Plaintiff was then placed in full restraints, (handcuffs, waist chain, black box and leg shackles) . . . . [¶] Plaintiff was then taken from SHU by SORT, and others mentioned . . . above, to Receiving and Discharge (R&D) and placed in a holding room. All of this was captured on video. [¶] When Plaintiff entered the R&D holding room he sat down and remained sitting or laying [sic] down on the floor the entire time.

Plaintiff further alleged:

> After approximately 2 hours had elapsed, defendants McEachern, Miller and White opened the door to the holding room and entered the room. [¶] Upon entering the holding room where Plaintiff was laying on the floor, defendant Miller begin kiking [sic] Plaintiff 5-6 times in the stomach, chest, legs and head and then punched plaintiff with his tightly clenched fists several times in the upper body. [¶] Also at this time defendant White was punching Plaintiff with his tightly clenched fists in the upper body and back. [¶] Also at this time defendant McEachern pulled an object (a weapon) from the waist of his pants and struck Plaintiff with the hard steel instrument extremely hard in the head two times.

Plaintiff also alleged:

> [D]uring the approximately 2 hours that elapsed between removing him from Cell #220 in SHU, placing him in the R&D holding room, and the assault on him, defendants McEachern, Miller, and White, conspired with each other to violate Plaintiff's Constitutional rights . . . . by obtaining a hard steel weapon, going [to] the R&D holding room where Plaintiff was being held in full restraints where no video cameras could see them and take violent illegal retribution against Plaintiff by brutally, maliciously and sadistically attempting to kill Plaintiff by assaulting him with the intent of causing Plaintiff death and severe bodily injury, and thereafter, defendants McEachern, Miller

2

and White, acting in concert with each other, did carry the conspiracy into effect by brutally, maliciously and sadistically attempting to kill Plaintiff by assaulting him while he lay on the floor of the R&D holding room in full restraints, and did cause plaintiff severe bodily injuries . . . .

Defendant McEachern has not filed an answer to Plaintiff's complaint or otherwise made an appearance in this action. On August 20, 2010, Plaintiff requested an entry of default against Defendant McEachern. On December 8, 2010, the Court granted Plaintiff's motion for entry of default as to Defendant McEachern, which was entered by the Clerk of Court on December 8, 2010. (ECF Nos. 71, 72.)

Plaintiff previously moved this Court for an entry of default judgment against Defendant McEachern. (ECF No. 58.) The Court denied the motion without prejudice on March 31, 2011. (ECF No. 85.) Following dismissal of all remaining defendants and claims in this action, Plaintiff renewed his request for default judgment against Defendant McEachern on October 21, 2013. (ECF No. 178.) Plaintiff's motion does not request a total judgment amount.

**III.    DISCUSSION**

**A.    Legal Standard**

Whether to grant or deny default judgment is within the discretion of the court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Regarding the last factor, a decision on the merits is impractical, if not impossible, where a defendant refuses to defend.

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. See Danning v. Lavine, 572 F.2d 1386 (9th Cir. 1978).

While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are true.  See Geddes, 559 F.2d at 560; TeleVideo Sys., Inc., 826 F.2d at 917-18.  The court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence.  Fed. R. Civ. P. 55(b)(2)(C); Geddes, 559 F.2d at 560; TeleVideo Sys., Inc., 826 F.2d at 917-18.

### B. Service of Plaintiff's Complaint Was Proper

As a general rule, the Court considers the adequacy of service of process before evaluating the merits of Plaintiff's motion for default judgment.  See Katzakian v. Check Resolution Service, Inc., No. 10-cv-00716-AWI-GSA, 2010 WL 5200912, *2 (E.D. Cal. Dec. 15, 2010).  Under Fed. R. Civ. P 4(e), Plaintiff can affect service on Defendant in one of the following ways:

>   (1)   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>   (2)   doing any of the following:
>
>   (A)   delivering a copy of the summons and of the complaint to the individual personally; or
>   (B)   leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C)   delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Here, Defendant McEachern was personally served at 1186 W. Shaw, Fresno, California.  (ECF No. 27.)  Accordingly, Defendant was properly served under Fed. R. Civ. P. 4(e)(2)(A).

### C. Plaintiff Has Failed To Identify Damages Supported By Evidence

Plaintiff is required to prove all damages sought in the complaint.  Default judgment should not be granted when a moving party has failed to adequately establish the basis for the requested relief. Hauge v. Adriatic Ins. Co., 2013 WL 5587365, *2 (E.D. Cal. Oct. 10, 2013).  In this case, Plaintiff has failed to present evidence in support of any request for damages.  Indeed, Plaintiff's motion is devoid of any calculations or declarations identifying or supporting a damages amount.  Rather, Plaintiff requests an evidentiary hearing to determine the amount of damages.  (ECF No. 178-1, p. 5.)  At this

4

time, the court declines to conduct a hearing regarding an unspecified damages request. Fed. R. Civ. P. 55(b)(2)(B) (court may conduct a hearing to determine the amount of damages). If Plaintiff chooses to renew his motion for default judgment, he should describe, with particularity, the amount of damages requested, the manner in which the damages amount was calculated, the legal and factual grounds for the damages, and he should include supporting documentation.

### IV. FINDINGS AND RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for Default Judgment be DENIED without prejudice.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C.§ 631(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 25, 2013**          /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE