1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11
12

MAXIMILLIAN MONCLOVA-
CHAVEZ,

13

Plaintiff,

14

v.

15
16

ERIC McEACHERN; TIMOTHY
MILLER; KENNETH WHITE; and
C.O. Tincher,

17

Defendants.

18
19

**1:08-cv-76 AWI BAM**

**FINDINGS AND RECOMMENDATIONS
GRANTING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT IN PART**

**(Doc. 182)**

20

**INTRODUCTION**

21

Pending before the Court is Plaintiff's Motion for Default Judgment against Defendant,

22

Eric McEachern ("Defendant").  (Doc. 182, 185).  Defendant did not file an opposition to the

23

motion.  The Court took the matter under pursuant to the Local Rule 230 (g).  Upon a review of

24

evidence and the briefing, the Court grants Plaintiff's motion for default IN PART.

25

**FACTUAL BACKGROUND**

26

**A.  Plaintiff's Complaint**

27

This action is proceeding on the complaint filed January 15, 2008, for an incident of

28

excessive force in violation of the Eighth Amendment against Defendant McEachern.[1] (Doc. 1)

The complaint also alleges a conspiracy claim against Defendants White, Miller, and

McEachern.[2]  More specifically, Plaintiff alleges that on April 7, 2007, while housed at the

United States Penitentiary in Atwater, Defendant McEachern, came with a duty officer and

moved Plaintiff from his cell to a holding cell.  Approximately two hours later, Defendants

White, Miller, and McEachern, all officers at Atwater, entered the holding cell.  While Plaintiff

was laying on the floor in full restraints, Defendant Miller began kicking Plaintiff in the stomach,

chest, legs, and head, and then punched Plaintiff several times in the upper body.  At the same

time, Defendant White punched Plaintiff in the upper body and back, and Defendant McEachern

hit Plaintiff in the head two times with a hard steel object.  Plaintiff received two long, deep

gashes in his head.  Defendants White, Miller, and McEachern left Plaintiff lying on the floor

bleeding profusely from his head wounds.

　　　　Shortly thereafter, Plaintiff was evaluated by a physician's assistant.  The physician's

assistant was unable to stop the bleeding and Plaintiff was transferred by ambulance to Mercy

Hospital in Merced, California.  Eight staples were required to close the lacerations on Plaintiff's

head.   In the complaint, Plaintiff alleges that all three defendants acted in concert to carry out his

attack.  He seeks one million dollars in compensatory damages for the each of the two claims;

five million dollars in punitive damages for the Eight Amendment claim; ten million dollars in

punitive damages on the conspiracy claim; costs, and attorney's fees.

**B.  Procedural History**

　　　　As a result of the incident alleged in this action, Defendant McEachern was criminally

prosecuted in this court, *United States v. McEachern*, 1:08-cr-00138-LJO.  On June 30, 2010, a

---

[1] There was also an Eight Amendment claim alleged against Patrick Tincher, another correctional officer at the prison for a separate incident that allegedly occurred on April 16, 2007.  (Doc. 1, pg. 3d).  Officer Tincher was dismissed from this action on August 26, 2013.  (Doc. 172).

[2] All three of these Defendants were lieutenants at Atwater USP at the time of the alleged incident.

jury found Defendant McEachern not guilty of 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law) and 18 U.S.C. § 159 (Falsification of a Report in Order to Obstruct an Investigation). (*United States v. McEachern*, 1:08-cr-00138-LJO, Doc. 81).  On July 19, 2013, Plaintiff accepted an Offer of Judgment from Defendants Miller and White in the amount of $10,000.00 in this case, reflecting the total award of damages against these defendants.  (Doc. 163-1).  Judgment was entered against Defendants Miller and White on July 30, 2013. (Doc. 169).

**PROCEDURAL BACKGROUND**

Defendant was served with the summons and complaint on August 13, 2009.  (Doc. 27). Defendant did not file an answer.  The Clerk's Office entered default on August 23, 2010, as per the Plaintiff's request.  (Docs. 55-56).  Plaintiff filed the instant Motion for Default Judgment and the Court ordered supplemental briefing regarding the amount of damages.  (Docs. 182 and 184). In the supplemental briefing, Plaintiff seeks $102,000.00 in compensatory damages including $2,000.00 for permanent scarring; $10,000.00 for short-term neurological impairment; $15,000.00 for pain and suffering; and $75,000.00 for emotional distress damages.  (Doc. 185, pg. 6).  Plaintiff also requests $100,000 in punitive damages.  (Doc. 185, pg. 9).

Despite being served with the instant motion and supplemental briefing (Docs. 182-1, pg. 7 and 185, pg. 12), Defendant has not filed a Motion to Set Aside the Default, nor has he responded to the Motion for Default Judgment.  Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempt under the Soldiers' and Sailors' Civil Relief Act of 1940.  (Doc. 178-3, pg. 2-3).

**DISCUSSION**

A.     **Service of Process and Jurisdiction**

Service was proper as Defendant McEachern was personally served with the summons by

3

the United States Marshal at 1186 W. Shaw Avenue, Fresno, California, CA. (Doc. 27); Fed. R. Civ. P. 4(2)(A).  As noted above, he was also served with the Motions for Default Judgment. (Docs. 182-1, pg. 7 and 185, pg. 1).  The allegations in the complaint raise a federal question under 42 U.S.C. § 1983.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**B.     Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) outlines the requirements for a motion for default judgment and in relevant part provides the following:

> (2)     … If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am*., 980 F. 2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks

4

omitted)).  Moreover, a plaintiff is required to prove all damages sought in the complaint.  *See*, *Televideo Sys., v. Heidenthal*, 826 F. 2d 915, 917-918 (9th Cir. 1992).  If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default.  *See*, *Cripps v. Life Ins*., Co. Of N. Am., 980 F. 2d 1261, 1267 (9th Cir. 1992).  However, "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true."  *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

**C.    Analysis**

    **1.    The Eitel Factors Weigh In Favor of Default Judgment**

    Having considered the Eitel factors as discussed below, the Court finds that granting default judgment is appropriate.

        ***a.    Prejudice to Plaintiff if Default Judgment not Granted***

    If default judgment is not entered, Plaintiff will effectively be denied a remedy until such time as Defendant participates and makes an appearance in the litigation – which may never occur.  Denying Plaintiff a means of recourse is sufficient to prejudice Plaintiff.  *See, e.g.*, *Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

        ***b.    Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint***

    The Court considers the merits of Plaintiff's substantive claims and the sufficiency of the complaint.  As set forth below, Plaintiff has established an Eighth Amendment claim, but not a claim for conspiracy under 42 U.S.C. § 1983.

        *i.    The Eighth Amendment*

    The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"

*Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. *Id.* (quoting *Wilson*, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, *Hudson*, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of

decency, regardless of whether or not significant injury is evident, *Wilkins*, 559 U.S. at 37-8 (citing *Hudson*, 503 U.S. at 9-10) (quotation marks omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

Here, the complaint alleges that Defendant McEachern struck Plaintiff with a metal instrument while Plaintiff was completely restrained resulting in head lacerations which required medical treatment. Plaintiff was fully restrained and the physical force was not used to maintain or restore discipline. Instead, the complaint alleges that the force was imposed for the sole purpose of causing harm which establishes a claim under the Eighth Amendment.

### ii.   Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)); *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action . . . ." *Id.* at 1964-65 (internal quotations and citations omitted).  As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Here, although Plaintiff's complaint states a violation of the Eight Amendment, Plaintiff has not alleged any facts supporting the existence of a conspiracy between the defendants.  In order to state a cognizable claim for relief for conspiracy, plaintiff must establish that the defendants conspired to violate an underlying constitutional right.  Plaintiff's complaint merely makes conclusory statements that Defendants McEachern, Miller and While acted in concert with each other in executing the assault.  Under the currently pleading standards, these allegations are not sufficient to state a claim for conspiracy under § 1983. Therefore, the Court will recommend that this claim be dismissed and will not award damages based on this claim.[3]

### c.     Sum of Money at Stake

The fourth Eitel factor, the sum of money at stake, weighs in favor of default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions.  *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal., May 29, 2007).  Here, Plaintiff is seeking a default judgment in the amount of $ 202,000.00.  This is not an overly large sum of money and does not weigh against the entry of default judgment.

### d.     Dispute Concerning Material Facts

With regard to this factor, no genuine issue of material fact is likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Defendant has submitted nothing to contradict the well-pled allegations for the Eighth Amendment claim. Defendant's failure to file an answer in this case, or a response to the instant motion supports the

---

[3] It is unclear from Plaintiff's Motion for Default Judgment whether he is seeking relief based on this cause of action. The motion appears to only reference the Eighth Amendment claim.

conclusion that the possibility of a dispute as to material facts is minimal.  *See*, *e.g.*, *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").  Accordingly, this factor favors entry of default judgment.

### e.    *Default Due to Excusable Neglect*

There is no evidence that Defendant's failure to participate in the litigation is due to excusable neglect.  Defendant was properly served with the complaint and with the instant motion, and failed to respond in any way.  Thus, this factor weighs in favor of granting default judgment.

### f.    *Strong Policy Favoring Decision on the Merits*

"Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc. v. California Secuirty Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal., Mar. 5, 2010). Here, Defendant McEachern has not appeared in this action so a decision on the merits is not possible.

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendant McEachern. The Court therefore recommends that Plaintiff's  Motion for Default Judgment be GRANTED.

**D.    Damages**

A party's default conclusively establishes that party's liability, however it does not establish the amount of damages.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (*per curiam*).  Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence, or in detailed affidavits, judgment by default may be

9

1   entered without a damages hearing. Unliquidated and punitive damages, however, require

2   "proving up" at an evidentiary hearing or through other means. *Dundee*, 722 F.2d at 1323–24; *see*

3   *also James v. Frame*, 6 F. 3d 307, 310–311 (5th Cir.1993).  Here, Plaintiff was given several

4   opportunities to submit evidence with regard to the damages in this case, and Defendant has not

5   filed any opposition despite being served with the motions.  The Court has considered the

6   supplemental briefing, Plaintiff's declaration, as well as the medical evidence submitted, and

7   finds that the record is sufficiently detailed to accurately assess damages without an evidentiary

8   hearing.

9          As a preliminary matter, damage awards in excessive force cases in the prison context

10  vary greatly.  The cases Plaintiff has cited have resulted in larger awards.  *See*, *Blissett v.*

11  *Coughlin*, 66 F.3d 531, 533-34 (2d Cir. 1995) (upholding $75,000 compensatory damages award

12  for prisoner subjected by prison staff to unnecessary force including hitting him, striking him

13  several times with a baton, and choking him into unconsciousness); *Hendrickson v. Cooper*, 589

14  F.3d 887, 889-94 (7th Cir. 2009) ($75,000 compensatory damage award and $125,000.00

15  punitive damages award was not excessive when officer goaded prisoner into responding verbally

16  to repeated taunts.  Thereafter, officer threw prisoner against the wall, slammed him into concrete

17  floor, and pressed his knees into the prisoner's back. The prisoner's injuries were exacerbated

18  because at the time of the attack, he suffering from brain damage, a herniated disc, and had

19  difficulty walking from a prior accident); *Ziemba v. Armstrong*, 433 F. Supp. 2d 248, 252-53 (D.

20  Conn. 2006) (jury award of $100,000 compensatory damages and $150,000 in punitive damages

21  to prisoner as a result of correctional officer's assault in which the officer dug his knee into the

22  prisoner's back and dug his thumb into the prisoner's head behind the ear, causing the prisoner to

23  lose consciousness; punched the prisoner in the face; and pressed the prisoner's head down into

24  the bed while the prisoner was restrained and not resisting.  It was noted that the attacker was the

25  captain in-charge of the housing unit).[4]

26         Conversely,  however,  numerous  excessive  force  cases  in  the  prisoner  context  award

27

28  _____

[4] Several other cases cited by Plaintiff are less persuasive because the incidents of excessive force occurred outside of the prison context.

significantly less damages. *See*, *Richardson v. Bostick*, 2014 WL 3508916 (E.D. North.Carolina, July 11, 2014) (a total of  $10,000 in compensatory damages and $22,000 punitive damages awarded against three officers after officers repeatedly beat prisoner who was in full restraints); (*Barnard v. Piedmont Regional Jail Authority*, 2009 WL 2872510 (E.D. Vir., Sept. 3, 2009) (a total of $1,000.00 compensatory damages and $5,500.00 punitive damages awarded against four officers when guards formed a half-circle around inmates and hit plaintiff in the head with a baton, and repeatedly punched, stomped, and kicked Plaintiff; one of the officers involved in the incident was the officer-in-charge); *Edwards v. Dwyer*, 2008 WL 4643946 (E.D. Missouri, Oct. 20, 2008) ($500 in compensatory damages and $500 in punitive damages awarded when officer scratched prisoner and told other inmates that the plaintiff was a snitch); *Dixon v. Ragland et al.*, 2008 WL 5351359 (S.D. New York, Dec. 16, 2008) ($1 nominal damages and $500.00 punitive damages awarded when prison guard removed prisoner's restraints after a court hearing and without provocation punched inmate in the mouth resulting in a struggle between officers during which defendants kicked and punched Plaintiff's ribs, back, and head; it was determined that Plaintiff suffered no actual injury).

It is with these guideposts in mind that the Court assesses the damages in in this case.

### 1. Compensatory Damages

Plaintiff seeks $102,000.00 in compensatory damages including $2,000.00 for permanent scarring as a result of the injuries; $10,000.00 for short-term neurological impairment caused by the blows to the head; $15,000.00 for pain and suffering; and $75,000.00 for emotional distress. (Doc. 185, pg. 6).

Plaintiff alleges that he experienced tremendous pain after being struck in the head by Defendant McEachern.  He contends that there was swelling around the wounds and ten staples were put in his head which has left scars on his scalp.  (Doc. 182-2, pg. 4).  The medical evidence establishes that Plaintiff suffered two lacerations (one 3 ½ inches long and the other 1 ½ inches long) on the left side of his head, which required approximately ten staples.  (Docs. 182-3 and pg.

2; 185-2). Because of the extent of the injury, the Court will grant Plaintiff's request for $2,000.00 for permanent scarring.

Plaintiff also requests $10,000.00 in damages for neurological effects consistent with mild traumatic brain injury. However, other than the assertion that he experienced severe headaches, nausea, blurred vision and ringing in his ears (Doc. 185, pg. 3), there has been no medical evidence supporting a brain injury. He did not submit any medical evidence that he was seen by medical personnel for these symptoms after his initial treatment, and he only received Tylenol for the pain management. Moreover, although his declaration indicates he suffered from headaches after the attack, there is no indication that the symptoms were severe. Therefore, the Court denies Plaintiff's request for damages for neurological effects.

In addition to the physical pain, Plaintiff alleges that he continues to experience anxiety and fear that other officers may assault him, or that the officer would say things to other prisoners because he reported the attack. The Prison Litigation Reform Act (PLRA) states: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Ninth Circuit, following several other federal appellate courts, has interpreted this provision to mean that "for all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). Here, Plaintiff suffered a head injury requiring medical treatment so he is entitled to compensatory damages for emotional injury.

Here, Plaintiff was prescribed Zoloft and Elavil for anxiety and depression for a few months after he was transferred to another prison, but he stopped taking the medication because of the side effects. He also suffered pain from the attack, has headaches and needs mental health

counseling, but he does not trust the prison staff to treat him because of his involvement with this lawsuit. (Doc. 182-2, pg.5 and 185-3). Given the physical and emotional harm Plaintiff suffered, it is recommended that he be awarded an additional $5,000.00, for a total of $7,000.00 in compensatory damages.

### Punitive Damages

Plaintiff also requests $100,000.00 in punitive damages. In assessing punitive damages, the Supreme Court has set out factors used to ensure that awards are not too excessive and do not violate the Due Process Clause of the Fourteenth Amendment. *See, BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996) and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003). Under *Gore*, a court evaluates the constitutionality of a punitive damages award according to three factors: (1) the degree of reprehensibility of the tortious act; (2) the disparity between the harm suffered and the punitive damages award; and (3) the difference between the instant remedy and the civil penalties authorized or imposed in comparable cases. *Gore*, 517 U.S. at 574–75.

When evaluating Plaintiff's case under this framework, the Court finds that Plaintiff should be awarded $5,000.00 in punitive damages. Here, Defendant McEachern's conduct was reprehensible because he struck Plaintiff in the head with a flashlight while Plaintiff was restrained, and Defendant McEachern was one of the highest ranking officials at the prison at that time. There is not a large disparity between the harm suffered and the punitive damages award because the punitive damages award is two thousand dollars less than the compensatory award. Finally, this amount awarded is comparable to penalties imposed in other cases with similar facts. Although Plaintiff suffered pain as a result of this incident, he submitted no medical evidence that he has sustained long-term injuries. The Court also notes that Plaintiff settled this case for a total of $10,000.00 as a "package deal" against the other two defendants. This Court's

13

recommendation for a $12,000.00 total damages award against Defendant McEachern is fair given the facts presented.

### RECOMMENDATIONS

For the reasons discussed above, the Court RECOMMENDS that:

1.      Plaintiff's Motion for Default Judgment in favor of Plaintiff and against Defendant McEachern should be GRANTED;

2.      Plaintiff should be AWARDED compensatory damages in the amount of $7,000.00;

3.      Plaintiff should also be AWARDED punitive damages in the amount of $5,000.00;

4.      Plaintiff's claim for conspiracy pursuant to 42 U.S.C. § 1983 should be dismissed for failure to state a claim; and

5.      The Clerk of the Court is directed to mail these Findings and Recommendation to Defendant McEachern at the following address :

1186 W. Shaw Ave.<br>
Fresno, California 93711

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and Local Rule 304. Within **fourteen (14)** days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's Findings and Recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL

14

6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991); *Martinez v. YIst*, 951 F. 2d 1153 (9th Cir. 1991).

---

IT IS SO ORDERED.

Dated:   **January 6, 2015**                    ___ /s/ *Barbara A. McAuliffe* ___
                                                 UNITED STATES MAGISTRATE JUDGE

---

15