# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMILLIAN MONCLOVA-CHAVEZ,<br><br>Plaintiff,<br><br>v.<br><br>McEACHERN, et al.,<br><br>Defendants. | Case No. 1:08-cv-00076-AWI-BAM (PC)<br><br>ORDER GRANTING MOTION TO WITHDRAW AS PLAINTIFF'S ATTORNEY<br>(ECF No. 193)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR WRIT OF EXECUTION<br>(ECF No. 191) |

**I.  Background**

Plaintiff Maximilian Monclova-Chavez ("Plaintiff") is a federal prisoner who proceeded with counsel and *in forma pauperis* in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  This action proceeded against Defendants Miller, White, McEachern, and Tincher.

On July 30, 2013, following a stipulation of Plaintiff and Defendants White and Miller, judgment was entered in the amount of $10,000, inclusive of costs and fees, in favor of Plaintiff and against Defendants White and Miller, jointly and severally, without an admission of liability. (ECF Nos. 168, 169.)  On August 28, 2013, pursuant to a further stipulation of Plaintiff and Defendant Tincher, Defendant Tincher was dismissed, with prejudice.  (ECF Nos. 171, 172.) Thereafter, only Defendant McEachern remained in this action.

///

1

Defendant McEachern was served with the summons and complaint on August 13, 2009. (ECF No. 27.) Defendant did not file an answer. The Clerk's Office entered default on August 23, 2010, as per Plaintiff's request. (ECF Nos. 55–56.) Plaintiff filed a motion for default judgment and, in response to the Court's order, supplemental briefing regarding the amount of damages. (ECF Nos. 182, 184, 185.) Despite being served with the motion for default judgment and supplemental briefing, Defendant McEachern did not file a motion to set aside the default or respond to the motion.

Accordingly, the Court issued findings and recommendations recommending that Plaintiff's motion for default judgment in favor of Plaintiff and against Defendant McEachern be granted in part. (ECF No. 186.) The assigned district judge adopted the findings and recommendations on February 3, 2015, and entered judgment in favor of Plaintiff and against Defendant McEachern. (ECF No. 187.) Damages were awarded in the total amount of $12,000.00, including compensatory damages in the amount of $7,000.00 and punitive damages in the amount of $5,000.00. (Id.)

Following entry of judgment, Plaintiff filed, *pro se*, two notices regarding the judgment on January 23, 2017. (ECF Nos. 189, 190.) As it was unclear whether Plaintiff remained represented by counsel at the time, the notices went unanswered by the Court. On February 2, 2018, Plaintiff filed, *pro se*, a motion for writ of execution. (ECF No. 191.) Finding that Plaintiff's filings raised a question regarding his continued representation, on March 8, 2018, the Court directed Plaintiff's attorneys of record to file a response to Plaintiff's motion. (ECF No. 192.)

Currently before the Court is the response by Elizabeth Alexander filed on March 27, 2018, together with a motion for leave to withdraw as counsel. (ECF Nos. 193, 194.) No responses or opposition have been filed, and the motion is deemed submitted. Local Rule 230(l).

**II.    Motion to Withdraw as Counsel**

In her response, Ms. Alexander confirms that, following the entry of judgment in this case, she contacted counsel for Defendants White and Miller regarding arrangements for payment of the judgment. At the request of Defendants' counsel, the parties agreed to a brief delay.

Following that delay, no payment was issued. Ms. Alexander contacted Defendants' counsel again, and was informed that he no longer represented Defendants' White and Miler.

Ms. Alexander made various attempts to locate the three Defendants for over a year. Though she considered hiring a private investigator, Ms. Alexander ultimately determined that the possibility of identifying a private investigator who would locate the Defendants, and that the Defendants would have assets subject to a writ of execution was too low to justify the expenditure. Ms. Alexander continued her efforts to recover the judgment, including attempting to sell the judgment, at Plaintiff's request. She was unsuccessful.

While Ms. Alexander continued to represent Plaintiff informally in other matters, Plaintiff continued to request that she hire a private investigator, and she declined. As a result, Ms. Alexander and Plaintiff agreed to her discharge as his counsel. Plaintiff's *pro se* filings essentially confirm these events. (See ECF No. 189.) Ms. Alexander states that she did not realize that she should have filed a withdrawal of her appearance in this post-judgment case, and has included a motion for leave to withdraw as Plaintiff's counsel with her response.

Eastern District of California Local Rule 182(d) provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client in propria persona, without leave of court. The rule further states that "[w]ithdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California" ("California Rules of Professional Conduct"). The California Rules of Professional Conduct are interpreted according to California law. See Image Technical Servs., Inc. v. Eastman Kodak Co., 820 F.Supp. 1212, 1215 (N.D.Cal. 1993).

Counsel has not cited a specific rule pursuant to which she seeks leave to withdraw, but her allegations appear to fall under California Rule of Professional Conduct 3-700(C)(5), which provides that a member may withdraw when "[t]he client knowingly and freely assents to termination of the employment." The decision to grant or deny a motion to withdraw as counsel, is, however, committed to the sound discretion of the trial court. See LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998); Rus, Millband & Smith v. Conkle & Olesten, 113 Cal. App. 4th 656, 673, 6 Cal. Rptr. 3d 612 (2003); Estate of Falco, 188 Cal. App. 3d 1004, 1014, 233 Cal.

Rptr. 807 (1987) ("To protect the best interests of the client, a trial court should have broad discretion in allowing attorneys to withdraw.").

Finally, courts may consider the following factors in ruling on a motion for permissive withdrawal: "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." CE Res., Inc. v. Magellan Grp., LLC, No. 2:08-CV-02999MCEKJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009).

The Court has balanced the relevant factors concerning Plaintiff's counsel's request to withdraw in this case, and finds that good cause exists to permit counsel to permissively withdraw as attorney of record for Plaintiff. Both Plaintiff and his counsel confirm that she has previously withdrawn from his representation, due to their disagreement regarding the collection of the judgment in this action. The Court makes no findings as to Plaintiff's allegations that he continued to attempt to contact his counsel following the discharge of her representation of him, which were not addressed in counsel's response, but notes that the statements by both counsel and client show disagreements of a type and degree which will prevent cooperation and effective representation in this case.

Regarding the issues of prejudice, harm to the administration of justice, and delay, the Court finds that these factors do not outweigh the reasons for permitting withdrawal in this instance. As Plaintiff is already attempting to proceed *pro se* in this matter, there is no apparent need to locate new counsel for him. Moreover, this action has been closed since 2015, and the Court finds that this obviates any concerns regarding potential delays in resolving this matter. Consequently, allowing Plaintiff's counsel to withdraw will cause no undue prejudice, harm or delay here for any of the parties. Therefore, counsel's motion to withdraw is granted.

No response to the Court's order was filed by Plaintiff's other attorney of record, Catherine Campbell. However, the Court notes that Plaintiff has not indicated in his filings that he was ever represented by Ms. Campbell, and Ms. Campbell participated in this action only in the capacity as contact attorney for Ms. Alexander, who appeared *pro hac vice*. (See ECF Nos. 46, 47.) In addition, a search of the State Bar of California website reveals that Ms. Campbell is

no longer authorized to practice law in California.[1] The State Bar's website shows that on April 27, 2015, Ms. Campbell tendered a voluntary resignation, and her admission status was changed to "Not Eligible to Practice Law in CA." That status was again changed on July 15, 2015 to "Resigned," and she remains in that status as of the date of writing of this order.

Based on this information, and having resolved the question of Ms. Alexander's continued representation of Plaintiff, the Court will allow Plaintiff to proceed *pro se*. As such, the Court will proceed to consider Plaintiff's motion for writ of execution.

### III. Motion for Writ of Execution

Pursuant to Federal Rule of Civil Procedure 69, writs of execution are issued consistent with state law. Fed. R. Civ. P. 69(a)(1). Under federal and California law, money judgments are enforced by a writ of execution. Id.; Cal. Code. Civ. Pro. §§ 699.010, 699.510.

Although characterized as a motion for writ of execution, it appears that Plaintiff actually seeks a Court order assigning him rights to Defendants' bank accounts or wages. Plaintiff further requests that the Court notify Defendants that failure to comply will result in civil contempt.

Plaintiff is advised that without a writ of execution directed at the appropriate levying officer, pursuant to Cal. Code. Civ. Pro. § 699.510, the Court cannot issue an order such as the one Plaintiff is seeking. Although Plaintiff is entitled to issuance of writs of execution pursuant to the judgments entered in this case, it is Plaintiff's responsibility to serve the writs on Defendants and take any further actions necessary to collect on the judgments.

In addition, Plaintiff must complete the correct forms in order for the Clerk of the Court to issue the writs of execution. Plaintiff is advised to review the applicable sections of the California Code of Civil Procedure, in particular sections 699.510–699.560, pertaining to issuance of writs of execution. Plaintiff should then complete the forms attached to this order and return them to the Court. Upon return of the completed forms, the Clerk of the Court is authorized to issue the writs of execution to Plaintiff so that Plaintiff may attempt execution.

///

---

[1] The Court may take judicial notice of the State Bar of California's website regarding attorneys' admission status to the Bar. These facts can be "accurately and readily determined from the website, and the site's accuracy regarding this information "cannot reasonably be questioned." Fed. R. Civ. P. 201(b).

IV. **Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The motion for leave to withdraw by Plaintiff's counsel, Elizabeth Alexander, (ECF No. 194), is GRANTED. Ms. Alexander is relieved as counsel of record for Plaintiff effective upon the filing of a proof of service of this signed order on Plaintiff;
2. Plaintiff's motion for writ of execution, (ECF No. 191), is GRANTED, as discussed herein;
3. The Clerk of the Court is DIRECTED to serve on Plaintiff:
   a. Two (2) Affidavit and Request for Issuance of Writ of Execution forms;
   b. Two (2) Writ of Execution forms;
   c. The Stipulation and Order, (ECF No. 168), and Judgment, (ECF No. 169), issued on July 30, 2013; and
   d. The Order Adopting Findings and Recommendations, (ECF No. 187), and Judgment, (ECF No. 188), issued on February 3, 2015; and
4. Upon completion and return of the attached forms, the Clerk of the Court is authorized to issue the appropriate writs of execution.

IT IS SO ORDERED.

Dated: **May 4, 2018** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE